**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| POULSEN ROSER A/S, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) ) CASE NO.: 10-CV-1894 |
| JACKSON & PERKINS WHOLESALE, INC., JACKSON & PERKINS COMPANY, PARK SEED WHOLESALE, INC., GEO. W. PARK SEED CO., INC., J&P ACQUISITION INC., AND DONALD AND GLENDA HACHENBERGER, | ) ) Honorable Amy J. St. Eve ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANT GLENDA HACHENBERGER'S MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant GLENDA HACHENBERGER, by and through her undersigned counsel, respectfully moves the Court, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint for lack of personal jurisdiction over her. In support of this Motion, Defendant GLENDA HACHENBERGER submits separately "Defendant Glenda Hachenberger's Memorandum of Law in Support of Her Motion to Dismiss for Lack of Personal Jurisdiction" (together with exhibits) and states the following:

1. The issue before this Court is whether Plaintiff POULSEN ROSER A/S ("Plaintiff" or "POULSEN ROSER") has demonstrated that Defendant GLENDA HACHENBERGER has had sufficient minimum contacts with the State of Illinois in order to confer personal jurisdiction over her.

2. Because Defendant GLENDA HACHENBERGER has had virtually no contacts with the State of Illinois, this Motion should be granted and Plaintiff's claims against GLENDA HACHENBERGER should be dismissed for lack of personal jurisdiction over her.

3. On March 25, 2010, Plaintiff POULSEN ROSER filed its Complaint against Defendants JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS COMPANY; PARK SEED WHOLESALE, INC.; GEO. W. PARK SEED CO., INC.; and J&P ACQUISITION, INC. (collectively the "Corporate Defendants"), and Defendants GLENDA HACHENBERGER and DONALD HACHENBERGER (collectively the "HACHENBERGERS").

4. Plaintiff's Complaint sounds in four counts: (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin, false descriptions, and unfair competition under 15 U.S.C. § 1125(a); (3) common law trademark infringement and unfair competition; and (4) joint and several liability. The first three counts are against Defendants JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS COMPANY; PARK SEED WHOLESALE, INC.; and GEO. W. PARK SEED CO., INC. The final count for joint and several liability is against the HACHENBERGERS and J&P ACQUISITION, INC.

5. Plaintiff POULSEN ROSER seeks to pierce various corporate veils and hold Defendant GLENDA HACHENBERGER liable for purported claims against the Corporate Defendants by virtue of an "alter ego" or "mere instrumentality" theory. *See* Complaint ¶¶ 67-73, 105-106.

6. In its Complaint, however, Plaintiff POULSEN ROSER does little more than make a series of "on information and belief" allegations in an attempt to hold Defendant

GLENDA HACHENBERGER individually liable for the alleged actions of the Corporate Defendants. Specifically, Plaintiff alleges, *inter alia*:

  a. the HACHENBERGERS are the sole shareholders of Defendant J&P ACQUISITION, INC., which in turn is the sole shareholder of Defendants JACKSON & PERKINS WHOLESALE, INC. and JACKSON & PERKINS COMPANY (Complaint ¶¶ 67-68);

  b. Defendants JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS COMPANY; and J&P ACQUISITION, INC. have allegedly not followed corporate formalities and are void under Delaware law (Complaint ¶¶ 67-68);

  c. the HACHENBERGERS have purportedly undercapitalized, dominated the affairs of, and failed to maintain corporate records and formalities of Defendants JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS COMPANY; and J&P ACQUISITION, INC., thereby constituting such entities as mere alter egos or instrumentalities (Complaint ¶ 70);

  d. the HACHENBERGERS are shareholders of Defendants PARK SEED WHOLESALE, INC. and GEO. W. PARK SEED CO., INC. (Complaint ¶ 72); and

  e. Defendants JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS COMPANY; PARK SEED WHOLESALE, INC.; and GEO. W. PARK SEED CO., INC. have intertwined operations, personnel, and accounts, and have commingled assets with one another in such a manner as to constitute them a single integrated business enterprise (Complaint ¶ 73).

  7. As set forth in the Affidavit of Glenda Hachenberger, contemporaneously filed herewith, these "information and belief" allegations are simply unfounded.

8. Defendant GLENDA HACHENBERGER has not filed any prior pleadings or substantive motions in this action and appears now solely to contest this Court's personal jurisdiction over her.

9. To establish this Court's personal jurisdiction over Defendant GLENDA HACHENBERGER, Plaintiff POULSEN ROSER must demonstrate that GLENDA HACHENBERGER has had sufficient minimum contacts with the State of Illinois. In doing so, Plaintiff can show that this Court has general or specific personal jurisdiction over GLENDA HACHENBERGER.

10. Plaintiff has failed to show that this Court has general personal jurisdiction over Defendant GLENDA HACHENBERGER, because it has made no allegation or showing that GLENDA HACHENBERGER conducts continuous and systematic general business within the State of Illinois.

11. Plaintiff has also failed to show that this Court has specific personal jurisdiction over Defendant GLENDA HACHENBERGER. Plaintiff has made no allegation or showing that the Illinois long-arm statute provides a basis by which this Court may exercise personal jurisdiction over GLENDA HACHENBERGER. Further, a due process analysis shows that exercising personal jurisdiction over GLENDA HACHENBERGER would not comport with the traditional notions of fair play and substantial justice.

12. Accordingly, this Court does not have *in personam* jurisdiction over GLENDA HACHENBERGER.

WHEREFORE, Defendant GLENDA HACHENBERGER respectfully moves this Court for entry of an order dismissing Plaintiff POULSEN ROSER A/S's claims against her for lack of personal jurisdiction.

                                        Respectfully submitted,

Dated: May 27, 2010          By:  s/Claudia W. Stangle
                                        Charles A. Mottier (IL #6180345)
                                        Claudia W. Stangle (IL #6244105)
                                        Angela J. Baylin (IL #6289024)
                                        LEYDIG, VOIT & MAYER, LTD.
                                        Two Prudential Plaza, Suite 4900
                                        Chicago, Illinois 60601-6780
                                        Telephone: 312-616-5600
                                        Facsimile: 312-616-5700
                                        E-mail: cmottier@leydig.com
                                                  cstangle@leydig.com
                                                  abaylin@leydig.com

                                        Donald E. Christopher (FL #250831)
                                        Christine M. Ho (FL #844853)
                                        LITCHFORD & CHRISTOPHER
                                        PROFESSIONAL ASSOCIATION
                                        Bank of America Center
                                        Suite 2200
                                        Post Office Box 1549
                                        Orlando, Florida 32802
                                        Telephone: 407-422-6600
                                        Facsimile: 407-841-0325
                                        E-mail: dchristopher@litchris.com
                                                  cho@litchris.com

                                        *Attorneys for Defendant*
                                        *GLENDA HACHENBERGER*