UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

POULSEN ROSER A/S,

    Plaintiff,

-vs-

JACKSON & PERKINS WHOLESALE, INC.,
JACKSON & PERKINS COMPANY,
PARK SEED WHOLESALE, INC.,
GEO. W. PARK SEED CO., INC.,
J&P ACQUISITION INC., AND
DONALD AND GLENDA HACHENBERGER,

    Defendants.

CASE NO.: 10-CV-1894

Honorable Amy J. St. Eve

## DEFENDANT GLENDA HACHENBERGER'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

**I.    STANDARD OF REVIEW**

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal for "lack of personal jurisdiction" over a party. In both trademark infringement cases and federal diversity actions, the law of Illinois determines whether the Court has personal jurisdiction over a nonresident defendant. *Caterpillar, Inc. v. Miskin Scraper Works, Inc.*, 256 F. Supp. 2d 849, 851 (C.D. Ill. 2003); *McIlwee v. ADM Indus., Inc.*, 17 F.3d 222, 223 (7th Cir. 1993); Rule 4(k)(1)(A) Fed.R.Civ.P. Under Illinois law, the burden of establishing personal jurisdiction over a nonresident defendant rests with the plaintiff. *McIlwee*, 17 F.3d at 223 (citation omitted).

To establish this Court's personal jurisdiction over Defendant GLENDA HACHENBERGER, Plaintiff POULSEN ROSER A/S ("Plaintiff" or "POULSEN ROSER") must demonstrate that GLENDA HACHENBERGER has had sufficient minimum contacts with

the State of Illinois. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corporation*, 230 F.3d 934, 942-43 (7th Cir. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76, 105 S. Ct. 2175 (1985)). These "minimum contacts" may be either related or unrelated to the facts forming the basis for the lawsuit, depending on whether the defendant is subject to "specific" or "general" jurisdiction. *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009).

A.      **General Personal Jurisdiction**

To establish general personal jurisdiction, a plaintiff must demonstrate that a defendant "conducts continuous and systematic general business within the forum state." 565 F.3d at 1023. The constitutional requirement for general personal jurisdiction is "considerably more stringent" than that required for specific personal jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, et al, 338 F.3d 773, 787 (7th Cir. 2003) (citation omitted). The contacts by the nonresident defendant, in fact, must be so extensive to be tantamount to the defendant being constructively "in the state to such a degree that it would be fundamentally fair" to always require it to answer in that state's court "in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id*. (citation omitted). General personal jurisdiction effectively differs little from personal jurisdiction over a state's residents.

B.      **Specific Personal Jurisdiction**

In contrast, specific jurisdiction "refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *GCIU-Employer*, 565 F.3d at 1023 (citations omitted). In determining whether specific personal jurisdiction exists with respect to nonresidents, this Court must consider whether the assertion of jurisdiction comports with the Illinois long-arm statute, the due process guarantee of the United States Constitution, and the

constraints imposed by the Illinois Constitution's due process guarantee. *Id.* Illinois courts have not held that the due process provision of the Illinois constitution differs from federal due process guarantees as to personal jurisdiction. The due process inquiries thus collapse into one, with the only consideration being whether exercising personal jurisdiction would comport with federal due process. *U.S. Gypsum Co. v. LaFarge North America Inc.*, 508 F. Supp. 2d 601, 642 (N.D. Ill. 2007), adhered to in part on reconsideration, 2007 WL 2091020 (citations omitted).[1] In other words, if this Court determines Defendant GLENDA HACHENBERGER is within the reach of the Illinois long-arm statute, it only needs to perform a federal due process analysis. There are no significant differences between federal and Illinois constitutional due process. *Id*.

### 1. Illinois Long-Arm Statute

The Illinois long-arm statute provides specific bases for the exercise of jurisdiction over a nonresident defendant. *See* 735 ILCS §§ 5/2-209(a)-(b).[2] Subsection (a) of the long-arm statute provides fourteen (14) different grounds on which an Illinois court may exercise jurisdiction over any person, whether or not a citizen or resident of Illinois. *See* 735 ILCS § 5/2-209(a). Subsection (b) of the long-arm statute provides five (5) different grounds on which an Illinois court may exercise jurisdiction over any person, whether or not a citizen or resident of Illinois. *See* 735 ILCS § 5/2-209(b). As evidenced by the Affidavit of Glenda Hachenberger, discussed more fully below and contemporaneously filed hereto as Exhibit "3," ("Aff. of G. Hachenberger"), Plaintiff POULSEN ROSER is unable to establish any of the grounds listed in subsections (a) or (b) of the long-arm statute.

The Illinois long-arm statute also contains a catch-all provision. *See* 735 ILCS § 5/2-209(c). This catch-all provision, subsection (c), provides, "A court may also exercise

---

[1] A copy of the Westlaw citation of *U.S. Gypsum Co. v. LaFarge North America Inc.*, No. 03 C 6027, 2007 WL 2091020 (N.D. Ill. July 18, 2007), is attached hereto as Exhibit "1."
[2] For the Court's convenience, a copy of the Illinois long-arm statute is attached hereto as Exhibit "2."

3

jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." *Id*. The inquiry under this catch-all provision is simply whether the Court may assert *in personam* jurisdiction over the defendant consistent with the due process required under both the federal and state constitutions. *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995) (citation omitted). The Illinois long-arm statutes' catch-all provision makes the constitutional due process inquiry effectively dispositive. Our focus below will thus be on that inquiry.

### 2. Three-Step Due Process Analysis

In its due process analysis as to whether specific personal jurisdiction may be exercised over a party, this court must engage in three distinct steps: (1) identify the contacts the defendant has with Illinois; (2) analyze whether these contacts meet constitutional minimums and whether exercising jurisdiction on the basis of these minimum contacts "sufficiently comports with fairness and justice;" and (3) determine whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit. *GCIU-Employer,* 565 F.3d at 1023 (citation omitted). In applying this test, the "crucial inquiry" is whether "the defendant's conduct and connection with the forum are such that [she] should reasonably anticipate being haled into court there." *Central States,* 230 F.3d at 943 (citation omitted). "To establish such a reasonable anticipation the defendant must have purposely availed [herself] of the privilege of conducting activities in the forum, invoking the benefits and protections of its laws." *Id.* (citing *Burger King*, 471 U.S. at 474-75; other citation omitted). Even if minimum contacts are shown to exist, the court must nevertheless examine other factors to determine whether the exercise of personal jurisdiction satisfies "traditional notions of fair play and substantial justice." *Central States*, 230 F.3d at 943 (citing *Burger King*, 471 U.S. at 476-77).

### C. Plaintiff's Burden of Proof

The plaintiff always shoulders the burden of demonstrating the existence of personal jurisdiction. *GCIU-Employer*, 565 F.3d at 1023 (citation omitted). If a plaintiff pleads sufficient material facts to support the exercise of personal jurisdiction, the burden then shifts to the defendant to challenge the plaintiff's allegations by affidavits. *Nelson by Carson v. Park Industries, Inc.* 717 F.2d 1120, 1123 (7th Cir. 1983). In the case at bar, Plaintiff POULSEN ROSER has not pled sufficient material facts to support the exercise of personal jurisdiction over Defendant GLENDA HACHENBERGER. So as not to unduly protract the ultimate inquiry, however, Defendant GLENDA HACHENBERGER has filed contemporaneously herewith her Affidavit establishing the relevant facts.

The precise nature of a plaintiff's burden depends upon whether an evidentiary hearing has been held. The Seventh Circuit has held that if the district court determines that any material facts are in dispute, it "must hold an evidentiary hearing to resolve them, at which point the party asserting personal jurisdiction must prove what it alleged." *Hyatt Int'l Corp., v. Coco*, 302 F.2d 707, 713 (7th Cir. 2002). When the district court holds an evidentiary hearing to determine jurisdiction, the plaintiff must establish jurisdiction by a preponderance of the evidence. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, et al, 338 F.3d 773, 783 (7th Cir. 2003) (citation omitted).

## II. RELEVANT JURISDICTIONAL FACTS

Plaintiff POULSEN ROSER has filed a Complaint sounding in four counts against the Corporate Defendants and Defendants HACHENBERGERS. Count I is a claim for trademark infringement of "Ingrid Bergman" under 15 U.S.C. § 1114, based on alleged activities of the Corporate Defendants. Count II is a claim for false designation of origin, false descriptions, and

unfair competition under 15 U.S.C. § 1125(a). Count III is a claim for common law trademark infringement and unfair competition. Counts I through III are each based on alleged activities of the Corporate Defendants. None of the Corporate Defendants are organized or have their principal places of business in the State of Illinois. *See* Complaint ¶¶ 2-7. Count IV alleges joint and several liability. In Count IV, Plaintiff claims that because the Corporate Defendants have purportedly operated as a single integrated business enterprise, have been wholly owned by the HACHENBERGERS, and have been utilized by the HACHENBERGERS, therefore the HACHENBERGERS and the Corporate Defendants should be held jointly and severally liable for the damages alleged in Counts I through III.

Plaintiff POULSEN ROSER has acknowledged that Defendant GLENDA HACHENBERGER is not a resident of the State of Illinois. *See* Complaint ¶ 7. Despite this, Plaintiff asserts that because GLENDA HACHENBERGER allegedly holds a significant interest in and extensive control over the Corporate Defendants and has supposedly abused that ownership and control, the corporate veil should be pierced. *See* Complaint ¶¶ 67-73, 104-106. For this reason alone, Plaintiff therefore alleges that GLENDA HACHENBERGER should be personally liable to answer for any claims that Plaintiff may successfully bring against the Corporate Defendants. *See id*. Plaintiff's sole basis in its Complaint for claiming that this Court has personal jurisdiction over Defendant GLENDA HACHENBERGER appears to be the allegation that Defendants' "acts of infringement have caused injury in this district to Poulsen and its intellectual property rights." *See* Complaint ¶ 9.

In fact, Defendant GLENDA HACHENBERGER is neither a citizen nor a resident of Illinois and has never owned any real or personal property there. Aff. G. Hachenberger at ¶¶ 2-3. Other than changing planes at O'Hare International Airport, GLENDA HACHENBERGER has

seldom set foot in Illinois.  Aff. of G. Hachenberger ¶ 7.  She does not operate any Internet website that directs business towards or solicits sales from Illinois residents, has never operated, engaged in, or conducted any business in Illinois, and has never had a personal office in the state.  Aff. of G. Hachenberger ¶¶ 4, 10.  Defendant GLENDA HACHENBERGER has never registered any fictitious or trade names in Illinois, has never earned any revenue from operating a business in the state, and has never been subject to the state's taxation.  Aff. of G. Hachenberger ¶¶ 5, 8.  She has never contracted to insure any real or personal property in Illinois, and does not own, use, possess, or hold a mortgage or other lien on any real or personal property situated in Illinois.  Aff. of G. Hachenberger ¶¶ 9, 11.  Defendant GLENDA HACHENBERGER holds no investment, brokerage, or other financial accounts in Illinois and has never herself sued or had legal process served on her in Illinois.  Before this case, she has never been subject to suit in Illinois.  Aff. of G. Hachenberger ¶¶ 12-13.

Furthermore, contrary to Plaintiff's allegations, Defendant GLENDA HACHENBERGER holds only five percent (5%) of the shares in Defendant J&P ACQUISITION, INC., which is a Delaware corporation that has its principal place of business in the State of South Carolina.  Aff. of G. Hachenberger ¶ 15.  Significantly, Defendant GLENDA HACHENBERGER has never received any compensation, dividends, or distributions from J&P ACQUISITION, INC.  *Id*.  Defendant GLENDA HACHENBERGER is a director of J&P ACQUISITION, INC., but she has never been responsible for or involved with the management or day-to-day operations of that corporation.  Aff. of G. Hachenberger ¶¶ 15, 17.  Defendant GLENDA HACHENBERGER owns no shares in and is not an officer or director of any of the other Corporate Defendants.  Similarly, she has not been involved in the management or day-to-day operations of any of those other corporations.  Aff. of G. Hachenberger ¶ 16-17.

Defendant GLENDA HACHENBERGER has never exercised any control or authority over any of the Corporate Defendants and has no personal knowledge concerning the activities alleged in the first three counts of Plaintiff's Complaint. She has had no involvement in the sales or advertising of the Corporate Defendants claimed to be at issue in this case. Aff. of G. Hachenberger ¶¶ 18-20. Defendant GLENDA HACHENBERGER has never been a signatory on any financial accounts maintained by any of the Corporate Defendants and is not privy to how the corporate funds are handled. Aff. of G. Hachenberger ¶ 18. She also has no knowledge concerning the trademarks at issue or whatever negotiations may or may not have occurred concerning a license between Plaintiff POULSEN ROSER and Defendant JACKSON & PERKINS WHOLESALE, INC. Aff. of G. Hachenberger ¶ 20. Defendant GLENDA HACHENBERGER is not aware of having met anyone from Plaintiff or ever done any business with Plaintiff. Aff. of G. Hachenberger ¶ 21. Significantly, Defendant GLENDA HACHENBERGER has had no involvement with the publication or distribution of any of the web pages or catalogs attached as exhibits to Plaintiff's Complaint. Aff. of G. Hachenberger ¶ 23.

To the best of GLENDA HACHENBERGER's knowledge, moreover, all of the Corporate Defendants follow proper corporate formalities. Aff. of G. Hachenberger ¶ 25. As far as she knows, none of the Corporate Defendants has ever been operated as her alter ego or as a mere instrumentality of her. Aff. of G. Hachenberger ¶ 24. Defendant GLENDA HACHENBERGER has certainly never suggested or instructed that any of the Corporate Defendants not follow all required formalities and has never taken any action intended or aimed at circumventing or ignoring legal formalities. Aff. of G. Hachenberger ¶ 25. Aside from Plaintiff POULSEN ROSER's vague "information and belief" allegations, it has alleged nothing

to the contrary. Certainly it has not alleged any specific facts contrary to Defendant GLENDA HACHENBERGER's affidavit.

## III. LEGAL ARGUMENT

### A. This Court Does Not Have General Personal Jurisdiction over Defendant GLENDA HACHENBERGER.

In the case at bar, it should be clear that Defendant GLENDA HACHENBERGER has not had continuous and systematic general business contacts with Illinois. General personal jurisdiction therefore may not be properly exercised over her. In fact, Plaintiff POULSEN ROSER has not alleged in any manner that this Court has general personal jurisdiction over Defendant GLENDA HACHENBERGER. The absence of the requisite allegations in its Complaint constitutes waiver of Plaintiff's right to assert that this Court has general personal jurisdiction over Defendant GLENDA HACHENBERGER. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1996) (finding that because plaintiff failed to allege that the nonresident defendant had "systematic contacts with Illinois," plaintiff waived any general jurisdiction argument).

### B. This Court Does Not Have Specific Personal Jurisdiction Over Defendant GLENDA HACHENBERGER.

#### 1. The Illinois Long-Arm Statute Does Not Provide a Basis for Exercising Specific Personal Jurisdiction Over Defendant GLENDA HACHENBERGER.

The Illinois long-arm statute does not provide a basis for exercising specific personal jurisdiction over Defendant GLENDA HACHENBERGER. None of the fourteen (14) grounds set forth in subsection (a) of the Illinois long-arm statute is applicable in the case at bar. *See* 735 ILCS § 5/2-209(a); Aff. of G. Hachenberger ¶¶ 3-5, 8-12. Subsection (b) of the Illinois long-arm statute does not apply either. Defendant GLENDA HACHENBERGER was not served in

Illinois, was not domiciled in Illinois, was never a resident of Illinois, has never done business in Illinois, and does not have any defamation judgments against her. *See* 735 ILCS § 5/2-2099(b); Aff. of G. Hachenberger ¶¶ 2, 4, 8, 10, 13-14. All that remains, therefore, is a due process analysis.

### 2. The Three-Step Due Process Analysis Shows That This Court May Not Exercise Specific Personal Jurisdiction Over Defendant GLENDA HACHENBERGER.

The well-established three-step due process analysis reveals that this Court lacks specific personal jurisdiction over Defendant GLENDA HACHENBERGER. The first prong in that analysis is to identify the contacts a defendant has with Illinois. *GCIU-Employer,* 565 F.3d at 1023 (citation omitted). Simply put, Defendant GLENDA HACHENBERGER has absolutely no demonstrable connections with the State of Illinois. She has not taken any actions intended or directed at any Illinois interests. The sole link between Defendant GLENDA HACHENBERGER and these proceedings is tenuous at best – she owns five percent of the outstanding shares of one of the Corporate Defendants, J&P ACQUISITION, INC., and also serves as a director of that company. *See* Aff. of G. Hachenberger ¶ 15. GLENDA HACHENBERGER is not and has not been involved in the management or day-to-day activities of J&P ACQUISITION, INC., or any of the other Corporate Defendants. *See* Aff. of G. Hachenberger ¶ 17. Moreover, to the best of Defendant GLENDA HACHENBERGER's knowledge, all necessary corporate formalities as to each of the Corporate Defendants have been observed. *See* Aff. of G. Hachenberger ¶ 25. Because the dearth of contacts between GLENDA HACHENBERGER and Illinois, Plaintiff POULSEN ROSER apparently has vainly sought to rely on an alter ego or mere instrumentality theory to obtain personal jurisdiction over GLENDA HACHENBERGER. Complaint ¶¶ 9, 67-73. Plaintiff's spare and conclusory "information and

belief" allegations concerning GLENDA HACHENBERGER's purported control and activities with respect to the Corporate Defendants are woefully deficient to warrant any inquiry as to piercing the corporate veil. Complaint ¶¶ 67-73. Significantly, these allegations, assuming they were true, fail to establish or even suggest any other contact between Defendant GLENDA HACHENBERGER and Illinois. Plaintiff's Complaint is devoid of any allegations that some jurisdictionally significant contact actually exists between Defendant GLENDA HACHENBERGER and the State of Illinois.

The second prong of the three-step due process analysis requires ascertaining whether a defendant's contacts with the state meet constitutional minimums, and whether exercising jurisdiction on the basis of these minimum contacts "sufficiently comports with fairness and justice." *GCIU-Employer,* 565 F.3d at 1023 (citation omitted). Given the fact that Defendant GLENDA HACHENBERGER effectively has no minimum contacts with the State of Illinois, constitutional due process does not permit personal jurisdiction to be premised on her stock ownership alone, so long as corporate formalities have been observed and she has not exercised an unusually high degree of control over the entity. *Central States*, 230 F.3d at 944. Even if one or more of the corporate entities at issue somehow is subject to this Court's jurisdiction, "[t]he unilateral activity of an entity cannot subject a nonresident defendant to personal jurisdiction." *Id.* (citing *Burger King*, 471 U.S. at 474-75 (quotation omitted)). After all, "the primary purpose of the corporate form is to prevent a company's owners, whether they are persons or other corporations, from being liable for the activities of the company." *Central States*, 230 F.3d at 944.

Logic dictates that, "[w]here corporate formalities have been observed, a company's owners reasonably expect that they cannot be held liable for the faults of the company. Thus,

such owners do not reasonably anticipate being hailed into a foreign forum to defend against liability for the errors of the corporation." *Central States*, 230 F.3d at 944. Likewise, directors of a corporation are not subject to long-arm jurisdiction in Illinois on the basis of activities of that corporation within the state. *Young v. Colgate-Palmolive Co.*, 790 F.2d 567, 569-70 (7th Cir. 1985). "Jurisdiction over a corporation simply does not translate into jurisdiction over those with whom it may have common interests." *Id.* (quoting *Knorr Brake Corp. v. Harbil, Inc.*, 550 F. Supp. 476, 479 (N.D. Ill. 1982)). Rather, "[p]ersonal jurisdiction must be established by the acts of the [individual] (sic.) defendant." *Young*, 790 F.2d at 570 (quoting *Hurletron Whittier, Inc. v. Barda*, 82 Ill. App. 3d 443, 37 Ill. Dec. 838, 841, 402 N.E.2d 840, 843 (1st DCA 1980)).

In applying this well accepted law to the facts at hand, we see that Defendant GLENDA HACHENBERGER is only a five percent (5%) shareholder and a director of J&P ACQUISITION, INC. She has no other ownership and holds no other offices with any of the Corporate Defendants. To the best of her knowledge, all corporate formalities required of the Corporate Defendants have been observed and followed. Certainly she has done nothing to disregard those formalities or to suggest they be disregarded. Aff. of G. Hachenberger ¶ 25. Defendant GLENDA HACHENBERGER also does not exercise an unusually high degree of control over any of the Corporate Defendants. In fact, GLENDA HACHENBERGER has little or no control or authority over the management or day-to-day operations of the Corporate Defendants. Aff. of G. Hachenberger ¶ 17. Moreover, Defendant GLENDA HACHENBERGER is ignorant of the facts and circumstances underlying the allegations in Plaintiff's Complaint. Aff. of G. Hachenberger ¶¶ 18, 20, 22. Exercising personal jurisdiction

over Defendant GLENDA HACHENBERGER under the facts as they exist, therefore, clearly does not comport with the principles of fairness and justice.[3]

The third prong of the due process analysis necessitates determination of whether the sufficient minimum contacts, if any, arise out of or are related to the causes of action involved in the suit. *GCIU-Employer,* 565 F.3d at 1023 (citation omitted). The only allegation that Plaintiff POULSEN ROSER appears to have arguably made concerning minimum contacts that would arise out of or be related to the causes of action in the suit is that by their alleged infringement the Corporate Defendants "have caused injury in this district to Poulsen and its intellectual property rights." Even if true, Plaintiff cannot rely on the alleged economic harm it suffered in Illinois as a result of the Corporate Defendants' conduct as the basis for personal jurisdiction over Defendant GLENDA HACHENBERGER. This is because "mere economic impact" in Illinois, "occasioned by a defendant's totally out-of-Illinois conduct, [is] not enough to subject a defendant to suit in Illinois." *Continental Illinois National Bank v. Consulting Engineering Group*, 594 F. Supp. 1500, 1502 (N.D. Ill. 1984). Such harm as may be felt in Illinois is insufficient to confer personal jurisdiction. Plaintiff POULSEN ROSER cannot establish any tortious conduct on the part of Defendant GLENDA HACHENBERGER which was directed at an Illinois interest. In sum, Plaintiff POULSEN ROSER has utterly failed to demonstrate that sufficient minimum contacts have arisen out of or related to any of the causes of action.

The three-step due process analysis must result in a finding that it would not comport with constitutional due process to exercise personal jurisdiction over Defendant GLENDA HACHENBERGER. She has never "purposefully" engaged in any conduct in or even aimed at

---

[3] Even assuming, *arguendo*, that the Corporate Defendants are the "alter ego" or "mere instrumentalities" of Defendant GLENDA HACHENBERGER, Defendant does not believe that Plaintiff POUSLEN ROSER has sufficiently alleged personal jurisdiction over the Corporate Defendants to permit extension of that jurisdiction to Defendant GLENDA HACHENBERGER.

the State of Illinois. She has never availed herself of any of the benefits and protections of its laws. Defendant GLENDA HACHENBERGER's stock ownership and position as director of one of the Corporate Defendants are insufficient to justify an assertion of personal jurisdiction over her individually in Illinois. Even if Defendant GLENDA HACHENBERGER had engaged in conduct out of state on behalf of the Corporate Defendants that negatively impacted Plaintiff POULSEN ROSER in Illinois, such facts would still be insufficient to justify jurisdiction over her because "the constitutional touchstone remains whether the defendant *purposefully* established 'minimum contacts' in the forum state. *See Young* 790 F.2d at 571 (quoting *Burger King*, 471 U.S. 462) (emphasis added). As such, Defendant GLENDA HACHENBERGER lacks any minimum contacts with the State of Illinois. Nothing she has done or failed to do should or could cause her to "reasonably anticipate being haled into court there." *Central States,* 230 F.3d at 943. The exercise of personal jurisdiction by this Court over Defendant GLENDA HACHENBERGER in this instance fails to comport with "traditional notions of fair play and substantial justice." *Id.* (citing *Burger King*, 471 U.S. at 476-77). Because this Court lacks personal jurisdiction over Defendant GLENDA HACHENBERGER, the Complaint against her must be dismissed.

## IV.  CONCLUSION

For all the reasons stated herein, Defendant GLENDA HACHENBERGER's Motion to Dismiss for Lack of Personal Jurisdiction should be granted and the Court should dismiss Plaintiff POULSEN ROSER's Complaint as it pertains to Defendant GLENDA HACHENBERGER.

Respectfully submitted,

Dated: May 27, 2010      By: s/Claudia W. Stangle
Charles A. Mottier (IL #6180345)
Claudia W. Stangle (IL #6244105)
Angela J. Baylin (IL #6289024)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780
Telephone: 312-616-5600
Facsimile: 312-616-5700
E-mail: cmottier@leydig.com
          cstangle@leydig.com
          abaylin@leydig.com

Donald E. Christopher (FL #250831)
Christine M. Ho (FL #844853)
LITCHFORD & CHRISTOPHER
PROFESSIONAL ASSOCIATION
Bank of America Center
Suite 2200
Post Office Box 1549
Orlando, Florida 32802
Telephone: 407-422-6600
Facsimile: 407-841-0325
E-mail: dchristopher@litchris.com
          cho@litchris.com

*Attorneys for Defendant*
*GLENDA HACHENBERGER*