# Exhibit 1

Not Reported in F.Supp.2d, 2007 WL 2091020 (N.D.Ill.)
**(Cite as: 2007 WL 2091020 (N.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois,
Eastern Division.
UNITED STATES GYPSUM COMPANY,
Plaintiff, Counterdefendant,
v.
LaFARGE NORTH AMERICA, INC., Defendant,
Counterplaintiff,
and
LaFarge S.A., Daniel C. Myslinski, David Downs, John D. Yockey, Tom Huffer, Charles Jett, Ed Green, William Hartford, Walter Weldon, Kurt F. Kruzshak, and Sidney Spear, Defendants.
**No. 03 C 6027.**

July 18, 2007.

H. Michael Hartmann, Bruce Michael Gagala, David M. Airan, Eley O. Thompson, Jason Tsuytoshi Murata, Lisa K. Kelly, Mark E. Phelps, Paul J. Filbin, Paul J. Korniczky, Salim Arif Hasan, Leydig, Voit & Mayer, Ltd., Chicago, IL, Aaron Ross Feigelson, Leydig, Voit & Mayer, Ltd., Rockford, IL, for Plaintiff, Counterdefendant.

John W. Treece, Douglas I. Lewis, Eric Stephen Mattson, Paul E. Veith, Richard J. O'Brien, Sidley Austin L.L.P., Steven Yovits, Howrey L.L.P., Charles B. Sklarsky, Seth A. Travis, Jenner & Block L.L.P., Chicago, IL, Bruce T. Weider, Burns, Doane, Swecker & Mathis, Alexandria, VA, for Defendants.

### MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, United States District Judge.

***1** On April 3, 2007, this court ruled on the parties' cross motions for summary judgment. *See* United States Gypsum Co. v. LaFarge North America, Inc., 2007 WL 1100804 (N.D.Ill. April 3, 2007) ( *"USG III"* ). That ruling substantially narrowed plaintiff's remaining trade secret claims, *see id.* at *13-26; dismissed certain state law claims in their entirety, *see id.* at *29-30; and dismissed all claims against certain individual defendants and narrowed the claims as to another individual, *see id.* at *35-37. No state law claim was held to be preempted under the Illinois Trade Secrets Act ("ITSA"), *see id.* at *27-28, and it was held that no defendant should be dismissed for want of personal, jurisdiction, *see id.* at *33-34. Although not specifically raised by defendants, it was noted that the factual grounds for some of the rulings would support dismissal of additional state law claims and that it was expected that plaintiff would act in good faith in dropping such claims. *See id.* at *28.

More than three months after the summary judgment ruling was issued, defendants filed a motion that seeks reconsideration regarding the preemption ruling.[FN1] Defendants also seek relief that they characterize as enforcement of the summary judgment ruling, contending that plaintiff has produced expert discovery and supplemented discovery in a manner that is inconsistent with the summary judgment ruling.[FN2] Also, pending is plaintiff's motion to compel that seeks reconsideration of prior discovery rulings in light of the summary judgment ruling.

> FN1. Defendants also contend that an aspect of the summary judgment ruling is inconsistent in that the court generally stated that a trade secret claim based on certain documents is still pending, but, when considering a claim against specific defendants,, ruled that a claim based on certain of those documents was deficient. *See* Pl. Memo. at 6 n. 9; *USG III,* 2007 WL 1100804 at *26, 36-37. Assuming the two holdings concern the same documents (having ruled more than three months earlier, the court has already disposed of

the summary judgment exhibits which were not filed in the court record to avoid sealing bulky documents), the specific ruling as to the individual defendants would control.

FN2. At the time defendant's motion was presented, the court informed the parties that it would rule on the motion based on the documents before it.

When no judgment has been entered, no specific time limit applies to a motion for reconsideration and the district court has the authority to reconsider its ruling. Fed.R.Civ.P. 54(b); *Denson v. Northeast Illinois Regional Commuter R.R. Corp.,* 2002 WL 745797 *1 (N.D.Ill. April 26, 2002); *Anderson v. Cornejo,* 199 F.R.D. 228, 252-53 (N.D.Ill.2000). It is within the court's discretion as to what issues to reconsider, which can include arguments not previously raised. *See Anderson,* 199 F.R.D. at 253. Even though no specific deadline applies, it is good practice to promptly bring a motion to reconsider an interlocutory ruling and the court has the discretion to deny as untimely motions that are not brought within a reasonable time. *See id.* at 252-53; *Petit v. City of Chicago,* 2001 WL 1143163 *2 (N.D.Ill. Sept.27, 2001).

It is recognized that the law regarding the preemptive effect of ITSA is not clear and some cases are inconsistent with each other. The court was well aware of that at the time it ruled and this is not the first time the issue has arisen before this bench. Defendants point to no new ruling that has clarified the law nor any other good reason to change the prior ruling. The ruling as to preemption will not be modified.

The other two issues raised in defendants' motion do not involve reconsideration of the summary judgment ruling. Defendants complain that, in the guise of supplementing interrogatory answers, plaintiff has identified additional trade secrets. Fact discovery closed before the summary judgment motions were briefed. In its response, plaintiff does not dispute that it has identified additional trade secrets nor offer any grounds justifying adding new trade secrets at this point in time. Plaintiff may not pursue any trade secret or related claim based on a trade secret other than the ones listed in the summary judgment ruling as having survived summary judgment. *See USG III,* 2007 WL 1100804 at *26, 37.

*2 Defendants' other contention is that, as evidenced by expert and other discovery provided after the summary judgment ruling, plaintiff continues to pursue claims that are inconsistent with the summary judgment ruling. It is true that, except as to contract claims and certain claims against individual defendants, defendants did not seek summary judgment as to non-trade-secret state law claims except based on preemption, which was rejected. Nevertheless, as was stated in the summary judgment ruling, consistent with the rulings on the trade secret claims (and the rulings as to individual defendants), it is apparent that aspects of the other state law claims are also without merit. Since not raised by defendants on summary judgment, the court did not actually dismiss such claims nor attempt to make any precise determination as to which particular claims should be dismissed. It was and still is expected that plaintiff will act in good faith in dropping affected claims.

Defendants contend that plaintiff has already acted in ways that are inconsistent with the prior ruling and those contentions appear to have at least some merit. At this time, though, the court again declines to specifically determine which additional aspects of claims are subject to dismissal. There are a few reasons for declining to presently resolve this dispute. First, defendants have not attached to their motion all the documents supporting this contention, instead relying on an affidavit of an attorney summarizing and describing certain discovery including expert reports. Second, although plaintiff did not ask to supplement its "preliminary" response, it is recognized that plaintiff has not fully responded to this issue. Third, the parties are likely

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

to resolve some of these disputes while working together to prepare the final pretrial order. To the extent any disputes remain at the time the final pretrial order is presented, defendants should raise such disputes in a motion in limine that specifically identifies the aspects of claims that should be dismissed.

Following the ruling on summary judgment, the parties appeared at a status hearing and represented that the only discovery that remained was expert discovery that had been postponed at the time summary judgment motions had been filed in the hope (at least partially realized at this point) that the scope of expert discovery would be narrowed by the summary judgment ruling. Although representing that only expert discovery remained, two months later plaintiff moved to compel fact discovery, seeking reconsideration of prior discovery rulings, primarily in light of the summary judgment ruling. Plaintiff contends that the ruling regarding personal jurisdiction over LaFarge S.A. ("LSA") supports allowing discovery that was previously denied.

Regardless of the ruling as to LSA's control of LaFarge North America, Inc. ("LNA") (and impliedly other companies) through LSA's Gypsum Division, it is still true that the claims in this case are based on the conduct of LNA (and individual defendants employed by LNA). LSA is not claimed to be liable for misconduct it committed separate from LNA through other companies it controls. In this case, LSA is only claimed to be liable for participating in LNA's conduct or as the principal of LNA. While discovery as to LSA's European and other operations may produce some evidence tangentially related to LSA's alleged participation in LNA misconduct, it was within this court's discretion to limit the already extensive fact discovery that has been taken in this case. While LSA continues to be obliged to supplement prior discovery responses, some of which relate to non-LNA operations, plaintiff will not be permitted to pursue additional fact discovery regarding LSA's foreign operations.

**\*3** Plaintiff seeks discovery as to wallboard lines at two LNA plants that became operable in 2006. Defendants have already represented that these lines do not use any of the processes presently at issue and are not different (in a manner material to this lawsuit) than when previously inspected by plaintiff. Further discovery as to those lines will not be permitted.

Plaintiff seeks further discovery as to LSA's May 2006 acquisition of 100% of LNA's common stock. Plaintiff knew of the acquisition prior to the completion of briefing on summary judgment and the acquisition was raised in the briefs, but not found to be relevant to the issue of personal jurisdiction over LSA nor its control of LNA during an earlier time period relevant to the claims in this case. Plaintiff contends that valuations of LNA would have been made during the acquisition process and that the value of LNA may be part of an alternative measure of potential damages in this case. Plaintiff had a prior opportunity to seek this discovery and its relevance is questionable. They will not be permitted to reopen fact discovery to obtain this evidence.

IT IS THEREFORE ORDERED that plaintiff's motion to compel [247] is denied. Defendants' motion to enforce and for other relief [267] is granted in part, denied in part, and denied in part without prejudice. Plaintiff is prohibited from pursuing any trade secret claims other than those the April 3, 2007 summary judgment ruling identifies as still pending.

N.D.Ill.,2007.
U.S. Gypsum Co. v. LaFarge North America, Inc.
Not Reported in F.Supp.2d, 2007 WL 2091020 (N.D.Ill.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Exhibit 2

Case: 1:10-cv-01894 Document #: 35-3 Filed: 05/27/10 Page 6 of 14 PageID #:197

Formerly cited as IL ST CH 110 ¶ 2-209

**Effective: August 19, 2008**

West's Smith-Hurd Illinois Compiled Statutes Annotated Currentness
  Chapter 735. Civil Procedure
    Act 5. Code of Civil Procedure (Refs & Annos)
      Article II. Civil Practice (Refs & Annos)
        Part 2. Process (Refs & Annos)
          → 5/2-209. Act submitting to jurisdiction--Process

§ 2-209. Act submitting to jurisdiction--Process.

(a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

  (1) The transaction of any business within this State;

  (2) The commission of a tortious act within this State;

  (3) The ownership, use, or possession of any real estate situated in this State;

  (4) Contracting to insure any person, property or risk located within this State at the time of contracting;

  (5) With respect to actions of dissolution of marriage, declaration of invalidity of marriage and legal separation, the maintenance in this State of a matrimonial domicile at the time this cause of action arose or the commission in this State of any act giving rise to the cause of action;

  (6) With respect to actions brought under the Illinois Parentage Act of 1984, as now or hereafter amended, [FN1] the performance of an act of sexual intercourse within this State during the possible period of conception;

  (7) The making or performance of any contract or promise substantially connected with this State;

  (8) The performance of sexual intercourse within this State which is claimed to have resulted in the conception of a child who resides in this State;

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

(9) The failure to support a child, spouse or former spouse who has continued to reside in this State since the person either formerly resided with them in this State or directed them to reside in this State;

(10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired;

(11) The breach of any fiduciary duty within this State;

(12) The performance of duties as a director or officer of a corporation organized under the laws of this State or having its principal place of business within this State;

(13) The ownership of an interest in any trust administered within this State; or

(14) The exercise of powers granted under the authority of this State as a fiduciary.

(b) A court may exercise jurisdiction in any action arising within or without this State against any person who:

(1) Is a natural person present within this State when served;

(2) Is a natural person domiciled or resident within this State when the cause of action arose, the action was commenced, or process was served;

(3) Is a corporation organized under the laws of this State; or

(4) Is a natural person or corporation doing business within this State.

(b-5) Foreign defamation judgment. The courts of this State shall have personal jurisdiction over any person who obtains a judgment in a defamation proceeding outside the United States against any person who is a resident of Illinois or, if not a natural person, has its principal place of business in Illinois, for the purposes of rendering declaratory relief with respect to that resident's liability for the judgment, or for the purpose of determining whether said judgment should be deemed non-recognizable pursuant to this Code, to the fullest extent permitted by the United States Constitution, provided:

(1) the publication at issue was published in Illinois, and

(2) that resident (i) has assets in Illinois which might be used to satisfy the foreign defamation judgment, or (ii) may have to take actions in Illinois to comply with the foreign defamation judgment.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Formerly cited as IL ST CH 110 ¶ 2-209

The provisions of this subsection (b-5) shall apply to persons who obtained judgments in defamation proceedings outside the United States prior to, on, or after the effective date of this amendatory Act of the 95th General Assembly.

(c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.

(d) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

(e) Service of process upon any person who resides or whose business address is outside the United States and who is subject to the jurisdiction of the courts of this State, as provided in this Section, in any action based upon product liability may be made by serving a copy of the summons with a copy of the complaint attached upon the Secretary of State. The summons shall be accompanied by a $5 fee payable to the Secretary of State. The plaintiff shall forthwith mail a copy of the summons, upon which the date of service upon the Secretary is clearly shown, together with a copy of the complaint to the defendant at his or her last known place of residence or business address. Plaintiff shall file with the circuit clerk an affidavit of the plaintiff or his or her attorney stating the last known place of residence or the last known business address of the defendant and a certificate of mailing a copy of the summons and complaint to the defendant at such address as required by this subsection (e). The certificate of mailing shall be prima facie evidence that the plaintiff or his or her attorney mailed a copy of the summons and complaint to the defendant as required. Service of the summons shall be deemed to have been made upon the defendant on the date it is served upon the Secretary and shall have the same force and effect as though summons had been personally served upon the defendant within this State.

(f) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon subsection (a).

(g) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.

CREDIT(S)

P.A. 82-280, § 2-209, eff. July 1,1982. Amended by P.A. 82-783, Art. III, § 43, eff. July 13, 1982; P.A. 85-907, Art. II, § 1, eff. Nov. 23, 1987; P.A. 85-1156, Art. I, § 7, eff. Jan. 1, 1989; P.A. 86-840, § 1, eff. Sept. 7, 1989; P.A. 95-865, § 5, eff. Aug. 19, 2008.

**Formerly** Ill.Rev.Stat.1991, ch. 110, ¶ 2-209.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Formerly cited as IL ST CH 110 ¶ 2-209

[FN1] 750 ILCS 45/1 et seq.

Current through P.A. 96-897 of the 2010 Reg. Sess.

Copr (c) 2010 Thomson Reuters

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

# Exhibit 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| POULSEN ROSER A/S, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) CASE NO.: 10-CV-1894 |
| JACKSON & PERKINS WHOLESALE, | ) |
| INC., JACKSON & PERKINS COMPANY, | ) |
| PARK SEED WHOLESALE, INC., | ) |
| GEO. W. PARK SEED CO., INC., | ) |
| J&P ACQUISITION INC., AND | ) |
| DONALD AND GLENDA | ) |
| HACHENBERGER, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF GLENDA HACHENBERGER

STATE OF FLORIDA      )
COUNTY OF ORANGE   ) ss.

BEFORE ME, the undersigned authority, personally appeared GLENDA HACHENBERGER, who after first being duly sworn on oath, deposes and says as follows:

1. I am over the age of 18 and otherwise fully competent to testify in these proceedings. Unless indicated to the contrary, I have personal knowledge of the facts set forth in this affidavit.

2. I am not a citizen or resident of Illinois.

3. I have never owned any real or personal property located in Illinois.

4. I do not operate any Internet website that directs business towards or solicits sales from Illinois residents for any business.

5. I have never registered any fictitious or trade names in Illinois.

331976_2.doc

6. I have never been registered to vote in Illinois. I have never had an Illinois driver's license, and my only driver's license is issued by the state of Florida.

7. Other than changing planes at O'Hare International Airport, I have never traveled to or spent any time in Illinois.

8. I do not earn any revenue from operating any business in Illinois and have not paid taxes in Illinois because I have no obligation to do so.

9. I do not own, use, possess or hold a mortgage or other lien on any real or personal property in Illinois.

10. I do not personally operate, conduct, engage in, or carry on any business or business venture in Illinois. Further, I have never personally had an office in Illinois.

11. I have not contracted to insure any personal or real property in Illinois.

12. I have no investment, brokerage or other financial accounts in Illinois.

13. Before this case, I had never sued or been sued in Illinois, and I have never had legal process served on me in Illinois.

14. No Illinois court has ever exercised personal jurisdiction over me, and no court has ever found me subject to suit in Illinois.

15. I am a five percent (5%) shareholder in Defendant J&P ACQUISITION, INC., which is a Delaware corporation that maintains its principal place of business in Greenwood, South Carolina. I am also a director of J&P ACQUISITION, INC. However, I have never received any compensation or distributions from J&P ACQUISITION, INC.

16. I do not own any shares in any of the other corporate defendants – Defendants JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS

COMPANY; PARK SEED WHOLESALE, INC.; and GEO. W. PARK SEED CO., INC. I am also not an officer or director of any of the other corporate defendants – Defendants JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS COMPANY; PARK SEED WHOLESALE, INC.; and GEO. W. PARK SEED CO., INC.

17. I have not been involved in the management or day-to-day operations of any of the corporate defendants – Defendants JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS COMPANY; PARK SEED WHOLESALE, INC.; GEO. W. PARK SEED CO., INC.; and J&P ACQUISITION, INC. (collectively the "Corporate Defendants").

18. I have no knowledge of the sales or advertising by the Corporate Defendants in Illinois and do not know whether any advertising or sales of the horticulture at issue in this case have, in fact, taken place in Illinois.

19. I have never had any control or authority over the operations of the Corporate Defendants. At no time have I been a signatory on any financial accounts maintained by any of the Corporate Defendants and have not been made privy to the how corporate funds are handled.

20. I have no knowledge concerning the allegations or claims made in the Complaint. Before this lawsuit, I was unaware of the trademarks at issue. I do not know whether any negotiations may have occurred concerning a license between Plaintiff and Defendant JACKSON & PERKINS WHOLESALE, INC.

21. To the best of my knowledge, I have never met anyone from Plaintiff POULSEN ROSER A/S or done any business with Plaintiff.

3

331976_2.doc

22. I have made no decisions and taken no action on my own behalf or on behalf of any of the Corporate Defendants with regards to the trademarks at issue or any negotiations concerning a license between Plaintiff and Defendant JACKSON & PERKINS WHOLESALE, INC.

23. I have had no involvement with the publication or distribution of any of the web pages or catalogs attached as exhibits to Plaintiff's Complaint.

24. To the best of my knowledge, none of the Corporate Defendants have ever been operated as my alter ego or as a mere instrumentality of mine.

25. I have had insufficient involvement to know for certain, but to the best of my knowledge, all of the Corporate Defendants follow proper corporate formalities. Certainly, I have never suggested to anyone that the Corporate Defendants not follow all required legal or accounting formalities and I have not taken any action intended to ignore or circumvent whatever formalities the law may require to be observed.

FURTHER AFFIANT SAYETH NAUGHT.

_Glenda Hachenberger_
Glenda Hachenberger

SWORN TO AND SUBSCRIBED before me this _19_ day of May, 2010 by Glenda Hachenberger, who is personally known to me or who showed me FL DL H251-281-47-633-0 as identification.

_Dorothy L. Vela_
Notary Public [signature]

DOROTHY L. VELA
[Name of notary public typed or printed]
Commission No.: DD0612785
My Commission Expires: 11/7/2010

DOROTHY L. VELA
Comm# DD0612785
Expires 11/7/2010
Florida Notary Assn., Inc

4

331976_2.doc