UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| POULSEN ROSER A/S, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JACKSON & PERKINS WHOLESALE, INC., | ) | No.: 1:10-cv-01894 |
| JACKSON & PERKINS COMPANY, PARK | ) | |
| SEED WHOLESALE, INC., GEO. W. PARK | ) | Honorable Amy J. St. Eve |
| SEED CO., INC., J&P ACQUISITION INC., | ) | |
| AND DONALD AND GLENDA | ) | |
| HACHENBERGER, | ) | |
| | ) | |
| Defendants. | ) | |

**DONALD HACHENBERGER'S RESPONSE TO PLAINTIFF POULSEN ROSER A/S'S
RULE 59(e) AND 60(b) MOTION FOR RECONSIDERATION**

Defendant Donald Hachenberger ("Mr. Hachenberger") opposes Plaintiff Poulsen Roser A/S's Rule 59(e) and 60(b) Motion for Reconsideration as both procedurally improper and substantively deficient.

**I.    PROCEDURAL BACKGROUND**

On August 26, 2010, this Court dismissed Poulsen Roser A/S's ("Poulsen") complaint against Mr. Hachenberger because "Poulsen [had] not met its burden to show a prima facie case of personal jurisdiction with respect to Donald Hachenberger." *See* 08/26/10 Order Dismissing Complaint against Donald Hachenberger ("08/26/10 Order") at 1. The ruling was based on Poulsen's failure to present "evidence to the Court to demonstrate the extent of the corporate defendants' contacts, [if] any, with Illinois through its website." *Id.* at 7. "Because the issue of whether Poulsen [had] established jurisdiction over J&P and Park Seed [was] dispositive," the court addressed it first. *Id.* at 5. Accordingly, the Court did not need to address any additional arguments raised by Mr. Hachenberger.

Poulsen now invokes Rules 59 and 60 of the Federal Rules of Civil Procedure and asks the Court to reconsider its August 26, 2010 Order. Specifically, Poulsen claims that reconsideration is warranted because it has recently discovered new "alter ego evidence" and because the Court committed a manifest error of law or fact in holding that Poulsen failed to demonstrate a prima facie case of personal jurisdiction over the Defendants. *See* Plaintiff Poulsen Roser A/S's Rule 59(e) and 60(b) Motion for Reconsideration ("Motion for Reconsideration") at 2. However, not only does Poulsen fail to present any "new evidence" sufficient to warrant this Court's reconsideration of its August 26, 2010 Order, it also fails to demonstrate that this Court committed a manifest error of law or fact.

As explained below, Poulsen's alleged new "alter ego evidence" fails "to demonstrate the extent of the corporate defendants' contacts, [if] any, with Illinois through its website." *See* 08/26/10 Order at 5. Poulsen also improperly directs the Court's attention to a "Nearest Retailer" webpage in order to bolster its argument that the Corporate Defendants are subject to personal jurisdiction in Illinois and presents a new theory why Mr. Hachenberger somehow submitted to Illinois jurisdiction by virtue of an inapplicable settlement agreement. Poulsen's attempts to rehash legal arguments, present new legal theories, and introduce new Internet evidence that was available at the time it filed its Response to the Motion to Dismiss of Defendants Donald and Glenda Hachenberger ("Response") are clearly inappropriate and contrary to law. As a result, this Court must deny Poulsen's Motion for Reconsideration.

## II.  POULSEN FAILS TO PROVIDE ANY SUFFICIENT BASIS FOR THIS COURT TO ALTER OR AMEND ITS DISMISSAL OF POULSEN'S COMPLAINT.

As the party seeking reconsideration, Poulsen bears a heavy burden. *See Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co.*, 244 F.Supp.2d 890, 891 (N.D. Ill. 2002). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or

to present newly discovered evidence." *Id.* "Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of [a motion]. . . . Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time." *Publishers Res., Inc. v. Walker-Davis Publ'n, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). In fact, this Court has noted that:

> [A] court will entertain a motion for reconsideration only where the moving party can establish that the law or facts have changed significantly since the issue was presented, or the court has 'patently misunderstood a party,' has 'made a decision outside the adversarial issues presented,' or has 'made an error not of reasoning, but apprehension.'

*Finnsugar Bioproducts, Inc.*, 244 F.Supp.2d at 891.

### A. Poulsen's "New Evidence" Fails to Justify Relief from this Court's Order of Dismissal.

Under Rule 60(b)(2), a court may relieve a party from final judgment or order based on new evidence.[1] *Musch v. Domtar Indus., Inc.*, 587 F.3d 857, 861 (7th Cir. 2009) (affirming lower court's decision denying plaintiff's motion for reconsideration because plaintiff "rehashed" prior arguments and failed to demonstrate that new evidence could not have been discovered before filing summary judgment). Rule 60(b) relief is an extraordinary remedy that is granted only in exceptional circumstances. *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Any new evidence must be "material, admissible, credible, not merely

---

[1] Plaintiff also asks this Court to reconsider its August 26, 2010 Order under Rule 60(b)(6). However, Poulsen fails to allege any facts or reasons in support of relief under Rule 60(b)(6). Further, Rule "60(b)(6) relief is available only when sections (b)(1) through (b)(5) do not apply." *Webb v. James*, 147 F.3d 617, 622 (7th Cir. 1998). Moreover, "as for the Rule 60(b)(6) alternative, it has long been established that it requires 'extraordinary circumstances' and not just conduct that might have qualified under Rule 60(b)(1) but fails to meet that test." *Rasavady v. Kane County Sheriff*, No. 10 C 848, 2010 WL 1883460, at *1 (N.D. Ill. May 11, 2010). Not only has Poulsen failed to plead any "extraordinary circumstances," Poulsen asks this Court to reconsider its August 26, 2010 order due to new evidence and manifest errors of law and/or fact. As a result, Rules 60(b)(1) and 60(b)(2) are clearly applicable, *see* Motion for Reconsideration at 1-2, and this Court should deny Poulsen any relief by virtue of Rule 60(b)(6).

cumulative or impeaching, likely to change the outcome . . ." *Peacock v. Bd. of Sch. Comm'rs*, 721 F.2d 210, 213-14 (7th Cir. 1983); *see also Parks v. McDonald*, No. 04-3148, 2006 WL 620651, at *3 (7th Cir. Mar. 14, 2006) (noting that the movant was required to show that "new evidence" would have altered the result reached in district court in order to satisfy Rule 60(b)(2)).

Poulsen's "new evidence" in the form of an order from the District of South Carolina Bankruptcy Court is far from sufficient to justify this Court's exercise of personal jurisdiction over Mr. Hachenberger. Poulsen conveniently ignores that it has the burden of convincing this Court that the Corporate Defendants are subject to personal jurisdiction in Illinois. Until Poulsen establishes that the Corporate Defendants are subject to personal jurisdiction in Illinois, their jurisdictional contacts cannot be attributed to Mr. Hachenberger.

The alleged new "alter ego" evidence is irrelevant because it focuses solely on the relationship among the Corporate Defendants rather than either demonstrating their contacts with Illinois or supporting the contention that Mr. Hachenberger abused their corporate form for his personal benefit. For instance, there is no allegation that Mr. Hachenberger used funds from the Corporate Defendants to pay his personal debts. There is no allegation that Mr. Hachenberger created the Corporate Defendants in order to perpetuate a fraud or promote injustice. *See e.g. In re Bonham*, 229 F.3d 750, 760 (9th Cir. 2000) (noting that "Bonham had constructed a Ponzi scheme for which [the debtor companies] were simply vehicles Bonham used to perpetuate the fraud").

In fact, the "new evidence" merely recites the Hachenbergers' ownership interests in the Corporate Defendants without noting any actions taken by Mr. Hachenberger. The mere allegation that a defendant was a dominant or sole shareholder is insufficient to enable the court

to disregard the separate corporate existence. *See Firstar Bank, N.A. v. Faul Chevrolet, Inc.*, 249 F.Supp.2d 1029, 1039 (N.D. Ill. 2003) (citing *Melko v. Dionisio*, 580 N.E.2d 586, 595 (Ill. 1991)); *see also Wells v. Edison Int'l, Inc.*, No. 09 C 1728, 2009 WL 1891801, at *3 (N.D. Ill. July 1, 2009) (corporate ownership alone is not sufficient for personal jurisdiction). Since this new evidence has no bearing on either Mr. Hachenberger's relationship with the Corporate Defendants or their jurisdictional contacts with Illinois, it seems highly unlikely that this evidence would have altered the result reached by this Court.

### B. Poulsen Fails to Demonstrate that This Court Committed a "Manifest Error of Law or Fact."

Poulsen cites to FRCP 59(e) and 60(b)(1) as the basis for its reconsideration motion, but Poulsen fails to explain how this Court committed a "manifest error of law or fact." Poulsen clearly ignores that this Court's orders are not "mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Malone v. Pipefitters Assoc.*, No. 97 C 3718, 2003 WL 22284195, at *1 (N.D. Ill. Oct. 2, 2003).

> 1.  This Court should ignore Poulsen's attempts to rehash prior arguments and introduce previously available "Nearest Retailer" evidence.

Instead of demonstrating any manifest errors of law or fact by this Court, Poulsen merely: (1) attempts to shift its burden of establishing personal jurisdiction to Mr. Hachenberger; (2) restates all of the evidence cited in its Response; (3) directs this Court's attention for the first time to a "Nearest Retailer" webpage which it could have presented in its Response; and (4) quibbles with the Court's determination that it failed to present sufficient evidence that the Corporate Defendants fell into the "transacting business" category. *See* Motion for Reconsideration at 5-7. Poulsen thus fails to meet its burden of showing grounds for this Court to reconsider its August 26, 2010 Order.

First, Mr. Hachenberger clearly stated in his unrefuted affidavit that he was not involved in the day-to-day operations of the Corporate Defendants, including sales and advertising, and that he has no knowledge of whether infringing sales took place in Illinois.[2]  *See* Mr. Hachenberger Affidavit ¶¶ 20-21.  Contrary to Poulsen's assertions, Mr. Hachenberger is not obligated to access sales information in possession of the Corporate Defendants.  Poulsen bears the burden of demonstrating the existence of personal jurisdiction over the Corporate Defendants.  *Central State, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000); *see also RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).  Poulsen's request for jurisdictional discovery is untimely and improper because a motion to reconsider is not an appropriate means of correcting its procedural or strategic failures.  *See APC Filtration, Inc. v. Becker*, 646 F.Supp.2d 1000, 1003 (N.D. Ill. 2009) (noting that a motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures . . .").

Second, Poulsen continues to direct this Court's attention to previously proffered exhibits and website printouts that cannot be considered since they are hearsay and lack authentication. *See Monotype Imaging, Inc. v. Bitstream Inc.*, 376 F.Supp.2d 877, 885 n.6 (N.D. Ill. 2005) (printouts of websites must be authenticated to show that they are true and accurate copies of what was present on the websites at the time of printing); *see also United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) ("[A]ny evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules.")  Similarly,

---

[2] Since Mr. Hachenberger submitted an affidavit in support of his Motion to Dismiss, Poulsen's citation to *Rual Trade Ltd. v. Viva Trade LLC* and *Rice v. Nova Biomed. Corp.* is immaterial. *See Rual Trade Ltd. v. Viva Trade LLC*, 549 F.Supp.2d 1067, 1074 (E.D. Wis. 2008) (noting that the defendants submitted affidavits); *Rice v. Nova Biomed. Corp.*, 38 F.3d 909, 914 (7th Cir. 1994) (noting that the defendant "did not attempt to submit evidence, in the form of affidavits or otherwise, in support of the motion").

Poulsen's request that this Court take judicial notice is also inappropriate. *See Trust v. Crowley*, 2010 WL 748201, at *3 n.1 (N.D. Ill. 2010) (recognizing that the Court "can take judicial notice of information on a party's website **as long as the website's authenticity is not in dispute** and it is capable of accordance and ready determination") (emphasis added).

Third, case law cited by Poulsen is clear that a motion for reconsideration is not the proper forum to rehash prior arguments, raise new legal theories, or to present additional evidence such as the "Nearest Retailer" webpage, which could have been offered before filing its Response. *See Musch*, 587 F.3d at 861. Rather than explaining why Poulsen failed to present this evidence earlier, Poulsen simply states that it conducted a "broader search." *See* Motion for Reconsideration at 7. This is clearly insufficient to warrant this Court considering this evidence.

Finally, even if the Court were to overlook the deficiencies outlined above, Poulsen fails yet again "to [point] to evidence of a single sale that occurred in Illinois, nor has it provided any evidence to the Court that demonstrates the extent of Park Seed and J&P's alleged business contacts with Illinois." *See* 08/26/10 Order at 6. Further, Poulsen fails again to provide "any other evidence of the corporate defendants' contacts with Illinois." *Id.* at 7. Poulsen's "Nearest Retailer" evidence does not help Poulsen clear this hurdle, and Poulsen's citation to *Swift & Co. v. Farmers Produce Co.* is inapposite. *See Swift & Co. v. Farmers Produce Co.*, No. 70 C 1097, 1970 WL 10115, at *2 (N.D. Ill. Oct. 23, 1970) (noting that Farmers "regularly **shipped into Illinois** turkeys bearing unfair infringing packaging for resale in local stores" and derived revenue from Illinois) (emphasis added). Therefore, this Court should not reconsider its August 26, 2010 Order because Poulsen has failed to meet its burden of demonstrating that this Court committed a manifest error of law or fact.

2.    The forum selection clause contained in the 1997 Settlement Agreement is inapplicable because the current dispute did not arise out of the agreement.

Once again, Poulsen points to an inapplicable Settlement Agreement as a basis for asserting personal jurisdiction over Mr. Hachenberger.  Poulsen's argument as to why a Settlement Agreement involving different parties and different rose varieties somehow governs a dispute which did not arise out of that Settlement Agreement is unsupported and preposterous. Poulsen fails to cite any Illinois authority that relied on a forum selection clause in an agreement to confer personal jurisdiction in a subsequent dispute that did not arise out of that agreement. Instead, Poulsen wants this Court to somehow "supplement" the 1983 License Agreement with the Settlement Agreement or conclude that "superseding" language in the agreement somehow makes the "different rose" problem irrelevant. *See* Settlement Agreement at ¶ 13.  Not only is Poulsen attempting to introduce new legal theories,[3] Poulsen is clearly grasping at straws by its contract interpretation argument devoid of support under Illinois law.

Contrary to Poulsen's assertions, Mr. Hachenberger previously challenged the applicability of the Settlement Agreement to this case because the Settlement Agreement involves different rose varieties and the current dispute did not arise out of the agreement. *See* Donald Hachenberger's Reply Memorandum of Law in Support of His Motion to Dismiss at 6. In addition, Poulsen's surprising citation to *Omron Healthcare, Inc. v. Maclaren Exports Ltd.* undercuts its arguments since in that case the parties' dispute arose out of the agreement at issue.

---

[3] It is noteworthy that Poulsen argued in its Response that "[g]iven Defendants operate as a unitary enterprise, as further discussed below, it should come as no surprise that Poulsen, with which J&P Wholesale has done business for decades, would hale the Defendants into Illinois courts to address infringement stemming from the expiration of a license to J&P Wholesale." *See* Response at 10.  Poulsen goes on to cite the Restatement (Second) of Contracts for the proposition that an agreement is supplemented or qualified by "reasonable usage." *Id.* at 11.  This Court should ignore Poulsen's attempt to recharacterize its arguments which appear intended to distract the Court from Poulsen's introduction of new legal theories in its Motion for Reconsideration.

*See Omron Healthcare, Inc. Maclaren Exports Ltd.*, 28 F.3d 600, 602 (7th Cir. 1994) (holding that the forum selection clause in the parties' distributorship agreement was applicable because the parties' dispute arose out of the parties' distributorship agreement). Since there is no indication that the current dispute arose out of the Settlement Agreement, the Settlement Agreement and its forum selection clause are inapplicable.

## III. CONCLUSION

Poulsen concedes that the Hachenbergers lack sufficient minimum contacts with Illinois. *See* Response at 5. In light of this concession, Mr. Hachenberger is baffled by Poulsen's attempt to assert its claims in this Court rather than pursuing them in a forum where the Defendants may have sufficient minimum contacts. Poulsen's Motion for Reconsideration merely: (1) offers "new alter-ego evidence" which has no bearing on whether the Corporate Defendants have sufficient jurisdictional contacts with Illinois; (2) introduces new legal theories and "new evidence" of "Nearest Retailer" which could have been presented in Poulsen's prior pleadings; and (3) rehashes arguments previously considered by this Court. Therefore it fails to either demonstrate how this Court committed a manifest error of law or fact or present any other basis for relief. In light of the foregoing, this Court should deny Poulsen's Motion for Reconsideration.

DATED: September 29, 2010

Respectfully submitted,

**Donald Hachenberger**

By: /s/ Denise M. Ware
One of his Attorneys

Stephen T. Bobo
Denise M. Ware
**REED SMITH LLP**
10 South Wacker Drive
Chicago, IL 60606
(312) 207-1000

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing **DONALD HACHENBERGER'S RESPONSE TO PLAINTIFF POULSEN ROSER A/S'S RULE 59(e) AND 60(b) MOTION FOR RECONSIDERATION** to be served via the Court's CM/ECF system on September 29, 2010, upon the following persons:

James John Saul
Colby Anne Kingsbury
**Baker & Daniels LLP**
Suite 4400
311 S. Wacker Drive
Chicago, IL 60606
(312) 212-6500 (Phone)
(312) 212-6501 (Fax)
james.saul@bakerd.com
colby.kingsbury@bakerd.com

*Counsel for Plaintiff*

Donald E. Christopher
Christine M. Ho
**Litchford & Christopher, P.A.**
P.O. Box 1549
390 N. Orange Avenue
Orland, FL 32802
(407) 422-6600 (Phone)
(407) 841-0325 (Fax)
dchristopher@litchris.com
cho@litchris.com

*Pro Hac Vice Counsel for Defendant Glenda Hachenberger*

Angela Jean Baylin
Charles H. Mottier
Claudia W. Stangle
**Leydig, Voit & Mayer Ltd.**
Two Prudential Plaza
180 N. Stetson Avenue
Chicago, IL 60601-6731
(312) 616-5600 (Phone)
(312) 616-5700 (Fax)
abaylin@leydig.com
cmottier@leydig.com
cstangle@leydig.com

*Counsel for Defendant Glenda Hachenberger*

/s/ Denise Ware
Denise Ware

US_ACTIVE-104613652.2-329996-00001

- 10 -