**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| POULSEN ROSER A/S, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) CASE NO.: 10-CV-1894 |
| JACKSON & PERKINS WHOLESALE, | ) |
| INC., JACKSON & PERKINS COMPANY, | ) |
| PARK SEED WHOLESALE, INC., | ) |
| GEO. W. PARK SEED CO., INC., | ) |
| J&P ACQUISITION INC., AND | ) |
| DONALD AND GLENDA | ) |
| HACHENBERGER, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANT GLENDA HACHENBERGER'S**
**RESPONSE TO PLAINTIFF POULSEN ROSER A/S'S**
**RULE 59(e) AND 60(b) MOTION FOR RECONSIDERATION**

**I.     INTRODUCTION**

As set forth in this Court's Order granting Defendant GLENDA HACHENBERGER's Motion to Dismiss for Lack of Personal Jurisdiction with prejudice dated August 26, 2010 (the "Order" or D.I. 47), Plaintiff POULSEN ROSER A/S ("Plaintiff" or "POULSEN ROSER") has woefully failed to establish even a prima facie case sufficient to support personal jurisdiction over GLENDA HACHENBERGER.  In its Rule 59(e) and 60(b) Motion for Reconsideration (D.I. 48), Plaintiff has not provided any additional facts that would support a prima facie showing of personal jurisdiction over GLENDA HACHENBERGER.  Rather, Plaintiff has attempted to impugn the statements made in the Affidavit of Glenda Hachenberger dated May 19, 2010.  Plaintiff relies solely on unsworn and unverified documents submitted and filed in the

United States Bankruptcy Court for the District of South Carolina (hereinafter referred to as the "Bankruptcy Proceedings").

## II. THE AFFIDAVIT OF GLENDA HACHENBERGER IS ACCURATE AND TRUTHFUL.

Plaintiff mistakenly believes that Defendant GLENDA HACHENBERGER has not been candid with this Court. However, the unsworn and unverified documents filed and submitted in the Bankruptcy Proceedings are in error as to the ownership of Defendant GEO. W. PARK SEED CO., INC. ("PARK SEED"). Defendant GLENDA HACHENBERGER does not own and has never owned any shares in PARK SEED. *See* Affidavit of Glenda Hachenberger dated May 19, 2010 (D.I. 35-2) (hereinafter referred to as "Aff. of G. Hachenberger") at ¶ 16; Supplemental Declaration of Glenda Hachenberger dated September 28, 2010, contemporaneously filed herewith (hereinafter referred to as "Supp. Decl. of G. Hachenberger"), at ¶ 2.

To the extent that some of the documents filed in the Bankruptcy Proceedings state otherwise, they are simply wrong. *See* Supp. Decl. of G. Hachenberger at ¶ 3. This error concerning GLENDA HACHENBERGER's ownership of PARK SEED is most likely based on incorrect information or false assumptions by the bankruptcy trustee and/or his counsel, who filed and submitted those documents in the Bankruptcy Proceedings. *See* Supp. Decl. of G. Hachenberger at ¶ 4. GLENDA HACHENBERGER has never represented or acknowledged to the bankruptcy trustee or his counsel at any time that she has ever owned stock in PARK SEED. *See* Supp. Decl. of G. Hachenberger at ¶ 4.

In fact, another document filed earlier in the Bankruptcy Proceeding, the Motion of the Debtors for Entry of an Order Directing Joint Administration of the Related Chapter 11 Cases dated April 2, 2010, correctly represents that Defendant DONALD HACHENBERGER owns

one hundred percent (100%) of PARK SEED.  *See* Supp. Decl. of G. Hachenberger at ¶ 5; Supp. Decl. of G. Hachenberger at Ex. "B" at p. 3.

For some reason, the bankruptcy trustee is confused as to the ownership of PARK SEED. GLENDA HACHENBERGER can definitely state, however, that she has never owned and does not currently own any shares in PARK SEED and that she has never seen any corporate documents or stock certificates showing that she owns any shares in PARK SEED.  *See* Supp. Decl. of G. Hachenberger at ¶¶ 3, 6.  In fact, the only stock certificates she has seen indicate that DONALD HACHENBERGER is sole shareholder of PARK SEED.  *See* Supp. Decl. of G. Hachenberger at ¶ 6; Supp. Decl. of G. Hachenberger at Ex. "C."  Although she has not seen or reviewed the official corporate books of PARK SEED, GLENDA HACHENBERGER has always been led to believe DONALD HACHENBERGER owns all the stock of PARK SEED. *See* Supp. Decl. of G. Hachenberger at ¶ 6.

GLENDA HACHENBERGER has not participated in the Bankruptcy Proceedings.  *See* Supp. Decl. of G. Hachenberger at ¶ 7.  She was never given the opportunity to review the documents filed by the bankruptcy trustee and/or his counsel in the Bankruptcy Proceedings prior to their filing.  *See* Supp. Decl. of G. Hachenberger at ¶ 8.  If GLENDA HACHENBERGER had, she would have pointed out the erroneous assumption that she owns or owned any part of PARK SEED and demanded that error be corrected.  *See* Supp. Decl. of G. Hachenberger at ¶ 8.

Even Defendant DONALD HACHENBERGER candidly and truthfully acknowledges in his affidavit dated June 14, 2010 and filed with this Court, that he owns one hundred percent (100%) of PARK SEED.  *See* Affidavit of Donald Hachenberger in Support of His Motion to Dismiss or, Alternatively Stay Proceedings Against Him (D.I. 40-1) at ¶ 17.  As such, GLENDA

HACHENBERGER has been entirely truthful and honest in her representations to this Court. In short, Plaintiff POULSEN ROSER has still provided no credible evidence that would support a prima facie case sufficient to support personal jurisdiction over GLENDA HACHENBERGER.[1]

Finally, only as a result of Plaintiff's Rule 59(e) and 60(b) Motion for Reconsideration, did GLENDA HACHENBERGER become aware of these erroneous statements concerning her ownership of PARK SEED in the Bankruptcy Proceedings. *See* Supp. Decl. of G. Hachenberger at ¶ 9. GLENDA HACHENBERGER has authorized her counsel to file a Motion, Pursuant to F.R.B.R. 9024, for Relief from the Order Granting Substantive Consolidation in the Bankruptcy Proceedings. *See* Supp. Decl. of G. Hachenberger at ¶ 9; Supp. Decl. of G. Hachenberger at Ex. "D." This Motion specifically addresses these erroneous statements made in the record of the Bankruptcy Proceedings and seeks to correct them.[2] *See* Supp. Decl. of G. Hachenberger at Ex. "C."

### III. PLAINTIFF HAS STILL FAILED TO CARRY ITS BURDEN OF PROOF IN ESTABLISHING A PRIMA FACIE CASE OF PERSONAL JURISDICTION OVER GLENDA HACHENBERGER.

#### A. Plaintiff has still Failed to Establish any Basis for Corporate Veil Piercing or Finding of Alter Ego as to Glenda Hachenberger.

Plaintiff POULSEN ROSER has presented no new evidence that would support corporate veil piercing or a finding of alter ego as to GLENDA HACHENBERGER. Once again, Plaintiff has not refuted the sworn statement of GLENDA HACHENBERGER that she is not and has not been involved in the management or day-to-day operations of any of Defendants J&P ACQUISITION, INC.; JACKSON & PERKINS WHOLESALE, INC.; JACKSON & PERKINS

---

[1] Even assuming *arguendo* that GLENDA HACHENBERGER did own an interest in PARK SEED, which she does not, mere ownership is insufficient to establish personal jurisdiction over her. *E.g., Cent. States, Se. and Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000); *Kula v. J.K. Schofield & Co.*, 668 F. Supp. 1126, 1129-30 (N.D. Ill. 1987).

[2] Counsel for GLENDA HACHENBERGER is currently in the process of filing her Motion, Pursuant to F.R.B.R. 9024, for Relief from the Order Granting Substantive Consolidation in the Bankruptcy Proceedings. As soon as it is filed, GLENDA HACHENBERGER will supplement this Response with a file-stamped copy of said Motion.

COMPANY; PARK SEED WHOLESALE, INC.; and GEO. W. PARK SEED CO., INC. (collectively the "Corporate Defendants"); that she has never had any control or authority over the operations of the Corporate Defendants; that she has no knowledge of the sales or advertising by the Corporate Defendants in Illinois.  *See* Aff. of G. Hachenberger at ¶¶ 17-19.

Moreover, Plaintiff's continued reliance on unauthenticated evidence concerning M-Three Concepts, Inc. and Evergreen SC, LLC is perplexing.  These entities are entirely unrelated to the Corporate Defendants and have no relevance to the Court's inquiry concerning corporate veil piercing or an alter ego analysis.

> **B.     Plaintiff Continues To Rely on Documents that are Unauthenticated and Contain Impermissible Hearsay.**

In its Order, this Court noted GLENDA HACHENBERGER's assertions that Plaintiff POULSEN ROSER improperly relied on documents that are unauthenticated and contain inadmissible hearsay.  *See* D.I. 47 at pp. 4, 7.  However, the Court stated that because Plaintiff had failed to make a prima facie showing of personal jurisdiction, the Court need not address these assertions.  *See id*.  Plaintiff POULSEN ROSER has failed in its Motion for Reconsideration (D.I. 48) to squarely confront this evidentiary deficiency.  Defendant GLENDA HACHENBERGER therefore once again respectfully argues that Plaintiff primarily relies on documents that are unauthenticated and contain inadmissible hearsay.  Plaintiff therefore has failed to establish a prima facie case for corporate veil piercing or alter ego over GLENDA HACHENBERGER.

**IV.    CONCLUSION**

For all the reasons stated herein, this Court should deny Plaintiff POULSEN ROSER A/S's Rule 59(e) and 60(b) Motion for Reconsideration (D.I. 48).

Dated:  September 29, 2010

By:    s/Christine M. Ho
Donald E. Christopher (FL #250831)
Christine M. Ho (FL #844853)
LITCHFORD & CHRISTOPHER
PROFESSIONAL ASSOCIATION
Bank of America Center
Post Office Box 1549
Orlando, Florida  32802
Telephone:  407-422-6600
Facsimile:  407-841-0325
E-mail: dchristopher@litchris.com
       cho@litchris.com

Charles H. Mottier (IL #6180345)
Claudia W. Stangle (IL #6244105)
Angela J. Baylin (IL #6289024)
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, Illinois 60601-6780
Telephone: 312-616-5600
Facsimile: 312-616-5700
E-mail: cmottier@leydig.com
       cstangle@leydig.com
       abaylin@leydig.com
*Attorneys for Defendant*
*GLENDA HACHENBERGER*

6