# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1894 | **DATE** | 11/15/2010 |
| **CASE TITLE** | Poulsen Roser A/S vs. Jackson & Perkins Wholesale, Inc et al | | |

**DOCKET ENTRY TEXT**

Plaintiff Poulsen Roser A/S ("Poulsen") filed a motion for reconsideration [48] pursuant to Fed. R. Civ. P. 59(e) and 60(b). The Court affirms its prior ruling and dismisses the case with prejudice as to Glenda Hachenberger, and without prejudice as to Donald Hachenberger.

■[ For further details see text below.]

Notices mailed by Judicial staff.

---

## STATEMENT

Plaintiff Poulsen Roser A/S ("Poulsen") filed the instant motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b). For the reasons below, the Court affirms its prior ruling and dismisses the case with prejudice as to Glenda Hachenberger, and without prejudice as to Donald Hachenberger.

### BACKGROUND[1]

Poulsen filed its trademark infringement complaint against Glenda Hachenberger ("Glenda"), Donald Hachenberger ("Donald") (collectively, the "Hachenbergers"), and several corporate defendants (the "Corporate Defendants") on March 25, 2010. Poulsen seeks to hold the Hachenbergers jointly and severally liable for the Corporate Defendants' alleged misconduct under a veil-piercing and alter ego theory. The Corporate Defendants are presently seeking Chapter 11 relief in the United States Bankruptcy Court for the District of South Carolina, and thus, the claims against them are stayed. The claims against the Hachenbergers, who are not parties to the Chapter 11 action, are not stayed.

Continued...

| | | Courtroom Deputy Initials: | KF |
|---|---|---|---|

---

[1] For a more comprehensive summary, the Court refers to the "Background" section in its ruling on Defendants' Motions to Dismiss. *See* R. 47.

Out of the 106 paragraphs in Poulsen's Complaint, an Illinois nexus is mentioned only in the "Jurisdiction and Venue" section. *See* R. 1, Compl. at ¶¶ 9, 10 ("This Court has personal jurisdiction over Defendants because, *inter alia*, their acts of infringement have caused injury in this district to Poulsen and its intellectual property rights." "Venue in this district is proper ... as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Poulsen occurred in this district by reasons of Defendants' conduct as alleged below."). Beyond these bare conclusory statements, nowhere in Poulsen's factual allegations does it allege conduct occurring in, or injury arising out of, transactions or activities in Illinois. Nor do any of the parties reside in, maintain their principal places of business in, or operate under the laws of, the state of Illinois. The Hachenbergers moved to dismiss the suit for lack of personal jurisdiction in May 2010. On August 26, 2010, the Court dismissed the present case against the Hachenbergers, finding that Poulsen had failed to establish personal jurisdiction over them as required under Fed. R. Civ. P. 12(b)(2).

Poulsen filed the instant motion for reconsideration on September 7, 2010. In its motion, Poulsen argues three main points: (1) there is "newly discovered evidence" that, pursuant to Rule 60(b)(2), begs a different resolution of the Hachenbergers' motions to dismiss; (2) the Court erred in finding that Poulsen failed to make a prima facie case of personal jurisdiction over the Corporate Defendants and Donald; and (3) to the extent the Court affirms its original ruling, Poulsen should be allowed to conduct limited discovery regarding the Court's ability to exercise personal jurisdiction over the Hachenbergers. The Court addresses each of Poulsen's arguments in turn.

## LEGAL STANDARD

Rule 59(e) "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *see also Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (appellate court reviews denial of Rule 59(e) motion for abuse of discretion). "Rule 59(e) allows a court to amend a judgment 'only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence.'" *Egonmwan v. Cook Co. Sheriff's Dept.*, 602 F.3d 845, 852 (7th Cir. 2010) (quoting *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008)). Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *BP Amoco Chemical Co. v. Flint Hills Resources, LLC*, 697 F. Supp. 2d 1001, 1041 (N.D. Ill. 2010) (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)).

As the party seeking reconsideration, Poulsen bears a heavy burden. The Seventh Circuit has repeatedly cautioned that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir.1985) (quotation omitted); *see also In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992) ("motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments."). Accordingly, a court will entertain a motion for reconsideration only where the moving party can establish that the law or facts have changed significantly since the issue was presented, or the court has "patently misunderstood a party," has "made a decision outside the adversarial issues presented," or has "made an error not of reasoning, but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990).

## ANALYSIS

**I.      Poulsen's "Newly Discovered Evidence" Is Irrelevant To The Present Matter**

Poulsen argues that an Order filed on July 22, 2010 by the United States Bankruptcy Court for the District of South Carolina (the "Bankruptcy Court") is "newly discovered evidence" under Fed. R. Civ. P. 60(b)(2) that should reverse the Court's original disposition of the Hachenbergers' motions to dismiss.[2]  That Order substantively consolidates the Corporate Defendants' bankruptcy estates and, in doing so, allows creditors to pierce the corporate veils of the Corporate Defendants.  *See* R. 48-2, Pl.'s Mot. for Reconsid., Ex. 2 - Order Granting Substantive Consolidation ("Order").  Even if the Bankruptcy Court's findings of fact were binding on this Court,[3] the Order does not alter the Court's analysis of whether to dismiss the case against the Hachenbergers for lack of personal jurisdiction.

The Bankruptcy Court's Order substantively consolidates the Corporate Defendants' estates.  While Poulsen correctly references the Bankruptcy Court's conclusions that the Corporate Defendants did not maintain corporate formalities, and that they "operated as one entity and commonly commingled funds," *see* Order at 6, those findings do not in any way implicate the Hachenbergers.  Indeed, none of the Bankruptcy Court's findings implicate the Hachenbergers – the only mention in the Order that relates to the Hachenbergers is a single factual finding regarding their ownership of the Corporate Defendants' voting shares.  (Order at 3.)  Poulsen makes an improper logical leap by imputing findings regarding the Corporate Defendants' conduct  to the individual defendants in this case.  As the Court stated in its prior ruling, a court may pierce the corporate veil and hold an individual officer or shareholder liable for his corporation's conduct when: (1) there is such unity of interest and ownership that the separate personalities of *the corporation and the individual* do not exist; and (2) where the circumstances are such that an adherence to the fiction of a separate corporate existence promotes injustice or fraud.  *See Laborers' Pension Fund v. Lay-Com, Inc.*, 580 F.3d 602, 610 (7th Cir. 2009) (emphasis added) (internal citations omitted).  The Bankruptcy Court's Order concludes that the separate personalities of the Corporate Defendants no longer exist; it makes no parallel finding regarding the relationship between the Corporate Defendants and the Hachenbergers, which is one of the central issues in this case.  Therefore, this "newly discovered evidence" is irrelevant for the purposes of the Hachenbergers' motions to dismiss and Poulsen's argument fails.

**II.      Prima Facie Case Of Personal Jurisdiction**

In its ruling on Donald Hachenberger's motion to dismiss, the Court "skipped" a veil-piercing analysis and instead proceeded to assess the dispositive matter: whether the Court has personal jurisdiction over the

---

[2]  Rule 60(b)(2) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason: ...(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

[3]  The evidence on which the Bankruptcy Court premised its ruling was different than the evidence that has been brought before this Court, and its findings of facts are not binding on this Court.  Whether the Court is bound by the conclusions of law in the Order, and whether the Order alters the Court's ruling on the motions to dismiss, however, is a separate matter.

Corporate Defendants. Based upon a careful consideration of all of the evidence submitted,[4] the Court held that Poulsen had not demonstrated a prima facie case of personal jurisdiction over the Corporate Defendants. Poulsen now asks the Court to reconsider this ruling, and argues that any one of its prior submissions regarding (1) the Corporate Defendants' Internet contacts, (2) the Corporate Defendants' authorized dealers in the Chicago area, or (3) a forum selection clause in an unrelated settlement agreement between Poulsen and one of the Corporate Defendants, provides sufficient evidence to meet its burden. Although this appears to be an impermissible request to "'rehash' old arguments," *see In re Oil Spill by "Amoco Cadiz"*, 794 F. Supp. at 267, the Court will assume Poulsen is arguing that the Court previously "patently misunderstood a party" or "made an error not of reasoning, but of apprehension," *see Bank of Waunakee*, 906 F.2d at 1191, and will address Poulsen's arguments.[5]

### A. The Corporate Defendants' Internet Contacts

The Court held that Poulsen failed to make a prima facie case of personal jurisdiction over the Corporate Defendants because it "ha[d] not pointed to evidence of a single sale that occurred in Illinois, nor ha[d] it provided any evidence to the Court that demonstrates the extent of Park Seed and J&P's alleged business contacts with Illinois." *See* R. 47 at 6. "Moreover, in addition to failing to present evidence that actual sales of products to consumers in Illinois can occur via the Park Seed or J&P websites, Poulsen has [ ] failed to provide any other evidence of the corporate defendants' contacts with Illinois." *Id*. at 7. The Court cited *Tamburo v. Dworkin*, 601 F.3d 693, a 2010 Seventh Circuit opinion rejecting the notion – proffered by Poulsen in its briefing – that a special, "sliding scale" jurisdictional test should exist for Internet-based cases, *see Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) . The Court found that Poulsen failed to demonstrate that the Corporate Defendants had "systematic and continuous" contacts with Illinois, as is required for general jurisdiction. *GCIU-Employer Retirement Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009); *see also Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Here, Poulsen urges the Court to take a second look at the evidence it presented regarding the Corporate Defendants' Internet contacts. Poulsen argues that the evidence demonstrates that "the Corporate Defendants (sic) operate websites facilitating direct sales that intentionally focus on Illinois consumers by providing local shipping and planting information." *See* R. 48, Pl.'s Mot. at 5. Poulsen then re-invites the Court to employ a "sliding scale" approach in evaluating that evidence to determine whether the Corporate Defendants "transact business" in Illinois in a way that subjects them to personal jurisdiction. The Court consider both requests, and finds that Poulsen's arguments still fail.

### 1. The Seventh Circuit rejects the "sliding scale" approach to personal jurisdiction

Although the Court already rejected Poulsen's "sliding scale" request in its previous ruling, the Court will nevertheless note that the Seventh Circuit has spoken yet again on this issue and has unequivocally rejected the "sliding scale" approach to personal jurisdiction suggested by Poulsen. *See Illinois v. Hemi Group LLC*, – F.3d – , 2010 WL 3547647, at *4 (7th Cir. 2010) ("[W]e think that the traditional due process inquiry ... is not so difficult to apply to cases involving Internet contacts that courts need some sort of easier-to-apply categorical test."). In *Hemi*, the parties' only question on appeal was whether the district court in Illinois could properly

---

[4] In ruling on a motion to dismiss pursuant to Rule 12(b)(2), the Court may consider matters outside of the pleadings. *See Purdue Research Found. v. Sanofi-Synthlabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

[5] While Poulsen's evidence regarding "Internet contacts" includes exhibits listing "authorized dealers," the Court will address the two issues separately.

exercise personal jurisdiction over a nonresident corporation that sold products over the Internet to consumers in Illinois. *See id.* at *2. Defendant Hemi was not a resident of Illinois, was not incorporated or organized under Illinois law, and did not have any offices or employees in Illinois. Plaintiff's complaint alleged that Hemi sold a product – discount cigarettes – through its websites into the state of Illinois, and that Hemi had sold more than three hundred packs of cigarettes through its website to an agent of the Illinois Department of Revenue.[6] The Seventh Circuit engaged in a lengthy discussion of personal jurisdiction before rejecting the "sliding scale" approach set forth in *Zippo*. Instead, it cautioned:

> We note the legitimate concern that "[p]remising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and consumers in the forum state, would create almost universal personal jurisdiction because of the virtually unlimited accessibility of websites across the country." *Jennings*, 383 F.3d at 550. Courts should be careful in resolving questions about personal jurisdiction involving on-line contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is "interactive."

*Id.* at *6. The Court is bound by *Hemi* and, as previously noted in its ruling on Defendants' motions to dismiss, by *Tamburo*. Thus, the Court denies this aspect of Poulsen's request.

### 2.     The Corporate Defendants' Internet contacts do not confer personal jurisdiction

The Court has re-reviewed Poulsen's submissions regarding the Corporate Defendants' Internet contacts, *see* Compl., Exs. G, I, J, P; *see also* R. 43, Pl.'s Resp. to Defs.' Mot. to Dismiss, Annexes E, F, G, H. Based upon a careful reconsideration of the evidence presented, and taking into consideration Poulsen's characterization of that evidence, the Court affirms its original conclusions. Specifically, and as before, the evidence Poulsen presented "merely establishes that some of the Corporate Defendants advertise their products on the internet and have the ability to sell products in Illinois through dealers." R. 47 at 6. "There is no indication, however, of whether or how a customer can order products to be shipped to Illinois via the internet." *Id.* "[I]t is unclear whether products are actually available for sale to Illinois residents on the website." *Id.* Much of the Internet contact evidence that Poulsen submitted consists of webpages advertising the roses at issue in this case, and color-coded maps showing "USDA Planting Zones" that appear to convey nationwide planting recommendations. None of these webpages suggest that the Corporate Defendants are selling products to Illinois consumers, and they certainly do not demonstrate that the Corporate Defendants' websites are "facilitating direct sales that intentionally focus on Illinois consumers." R. 48, Pl.'s Mot. at 5. The Court once again cites *Richter v. Instar Enters. Int'l, Inc.*, 594 F. Supp. 2d 1000, 1009 (N.D. Ill. 2009), which found "plaintiff's argument that the defendant's website merits general jurisdiction solely on the potential of Illinois customers to purchase products from defendant's website" insufficient to constitute the "continuous and systematic contacts" requirement for general jurisdiction. The Court affirms its original ruling.

---

[6]   To be clear, the Court is not equating *Hemi* with the present case. As mentioned *supra*, Poulsen's Complaint mentions Illinois only once, in a bare and conclusory allegation, and does not allege that the Corporate Defendants transacted business in Illinois. In addition, and beyond the Complaint, Poulsen has submitted no evidence that any Corporate Defendant made even a single sale of any product to Illinois consumers.

**B.** **Evidence of "Authorized Dealers" and A "State Representative" in Illinois May Support A Prima Facie Case of Personal Jurisdiction Over Two of the Corporate Defendants, but Does Not Confer Personal Jurisdiction Over Donald Hachenberger**

In federal court, the plaintiff bears "the burden of establishing a prima facie case for personal jurisdiction." *Michael J. Neuman & Assocs., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). The Court construes all disputed facts bearing on jurisdiction in the light most favorable to the plaintiff. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). "It is enough to show that the allegations are not 'patently without merit'" to establish a prima facie case of jurisdiction. *See Ameritech Mobile Comm. v. Cellular Comm.*, 664 F. Supp. 1175, 1180 (N.D. Ill. 1987). A defendant is subject to general jurisdiction, however, only where its contacts with the forum state are so substantial that it can be considered "constructively present in the state." *Purdue Research Fd.*, 338 F.2d at 787. "The standard for general jurisdiction is demanding because the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *uBID, Inc. v. GoDaddy Group, Inc.*, – F.3d – , 2010 WL 3768075, at *3 (7th Cir. 2010) (citation omitted).

Here, Poulsen asks the Court to reconsider its evaluation of two exhibits, *see* R. 43, Pl.'s Resp. to Defs.' Mot. to Dismiss, Annexes D, F, which appear to demonstrate that two of the Corporate Defendants have "authorized dealers" or a "sales representative" in Illinois. Poulsen argues that this evidence, in combination with the Corporate Defendants' "passive website and its willingness to ship catalogs to customers," supports a prima facie case for personal jurisdiction over the Corporate Defendants and Donald Hachenberger. R. 48, Pl.'s Mot. at 6. Having carefully reconsidered this evidence, the Court finds that Poulsen may have made a prima facie case for personal jurisdiction over the two Corporate Defendants. The Court does not need to reach a conclusion on that matter, however, because the Court further finds that Poulsen has not demonstrated a prima facie case for personal jurisdiction over Donald. Therefore, the Court's conclusion that it does not have personal jurisdiction over Donald stands.

In Annexes D and F to Poulsen's original response to the Hachenbergers' motions to dismiss, Poulsen submits two webpages: (1) Annex D is a two-page printout of a webpage from Jackson & Perkins Wholesale, Inc. that lists ten Chicago-area Jackson & Perkins Roses dealers; and (2) Annex F is a two-page printout of a webpage from Park Seed Wholesale that (i) lists its "state representatives," (ii) provides a phone number, fax number, and links to an online order form where a consumer can presumably purchase Park Seed products, and (iii) specifically identifies by name and phone number a representative for the state of Illinois. Donald Hachenberger argues that this evidence is unauthenticated, impermissible hearsay, and in the alternative, that it does not provide a sufficient basis on which to assert personal jurisdiction under *Riemer v. KSL Recreation Corp.*, 807 N.E.2d 1004, 1013 (Ill. App. Ct. 2004) and *Cook Assocs., Inc. v. Lexington United Corp.*, 429 N.E.2d 847, 852 (Ill. 1981). Poulsen asserts that this evidence demonstrates a prima facie case of personal jurisdiction under *Publ'ns Int'l, Ltd. v. Burke/Triolo, Inc.*, 121 F. Supp. 2d 1178, 1183 (N.D. Ill. 2000).

In *Burke/Triolo*, the district court held that "[b]y advertising a representative in Illinois, Burke demonstrates that its business contacts with Illinois are intentional and continuous rather than incidental and sporadic, and therefore jurisdiction is proper." *Id*. *Burke/Triolo* referenced an unpublished district court opinion, *Kavo Am. Corp. v. J.F. Jelenko & Co.*, No. 00 C 1355, 2000 WL 715602, at *4 (N.D. Ill. June 2, 2000), which exercised general personal jurisdiction over a defendant who maintained two sales representatives in Illinois and had website that listed representatives by state, including Illinois. The case law cited by Donald Hachenberger suggests that the delineations are not so clear-cut. Because the Court needs further evidence to determine the propriety of exercising personal jurisdiction over the two Defendant Corporations, it returns to the veil piercing argument as to Donald Hachenberger.

Donald asserts that Poulsen has not refuted the allegations in his affidavit, and therefore has failed to establish a prima facie case of personal jurisdiction via a veil piercing or alter ego theory. For a discussion of Poulsen's burden in this regard, the Court refers to its analysis vis a vis Glenda Hachenberger in its original ruling on this matter. *See* R. 47 at 4. As the Court stated in that ruling, "[m]uch of the information that Poulsen claims supports a prima facie case of veil piercing or alter ego derives from a complaint filed in the South Carolina Court of Common Pleas by Karen Jennings. Allegations contained in a complaint, however, are not evidence." *Id*. (citation omitted).

Donald submitted evidence, *see* R. 40-2, Donald Hachenberger Aff., which establishes that he is a 5% shareholder in Defendant J&P Acquisitions Inc., from which he has "never received any compensation or distribution." *Id*. at ¶ 14. Donald has acted as the Corporate Secretary at J&P Acquisitions, but has not been an officer there "since its founding in October of 2007." *Id*. at ¶ 15. Donald further testifies that he owns 100% of the shares in Geo. W. Park Seed Co., Inc., and "other than serving as corporate secretary, [ ] hold[s] no other positions." *Id*. at ¶ 18. Donald states that he has "not been involved in the day-to-day operations of any of the Corporate Defendants ... [and has] not had direct control over the operations of the Corporate Defendants." *Id*. at ¶ 20. Donald disavows any "direct knowledge of the sales or advertising by the Corporate Defendants in Illinois and [does] not know whether any of the alleged advertising or sales involving the ... trademark[s] at issue in this case have, in fact, taken place in Illinois." *Id*. at ¶ 21. Donald further states that "to the best of his knowledge, none of the corporate defendants have ever operated as mere alter egos or instrumentalities." *Id*. at ¶ 23. Poulsen has presented no evidence to show that Donald Hachenberger has not "respected [his] separateness" from the Corporate Defendants. *Lay-Com, Inc.*, 580 F.3d at 611. Poulsen's bare contention that "the Hachenbergers" failed to maintain the Corporate Defendants in good standing is just that: a bare contention, with no evidentiary support. While the Court must resolve factual disputes in favor of Poulsen, "if a defendant's affidavit contesting jurisdiction is not refuted by a counter-affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are taken as true." *Surfers Publications*, 633 F. Supp. at 730.

Poulsen also has failed to present any credible evidence to show that Donald Hachenberger commingled his own funds or assets with those of the Corporate Defendants, that he undercapitalized the Corporate Defendants, or that he treated the Corporate Defendants' assets as his own. The only evidence Poulsen proffers regarding Donald Hachenberger derives from an unverified complaint filed by a different plaintiff in an unrelated case currently pending in the South Carolina Court of Common Pleas. *See* R. 43, Pl.'s Resp. to Mot. at 14-17; R. 43-14, Pl.'s Resp., Annex M - Second Amended Compl. Once again, "if a defendant's affidavit contesting jurisdiction is not refuted by a counter-affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are taken as true." *Surfers Publications*, 633 F. Supp. at 730. Reading the complaint in Poulsen's favor, Poulsen has failed to present sufficient evidence to the Court that Donald Hachenberger failed to maintain adequate corporate records, commingled funds or assets of the Corporate Defendants, undercapitalized the Corporate Defendants or treated the assets of the Corporate Defendants as his own. *See Firstar Bank, N.A.*, 249 F. Supp. 2d at 1039. The Court accordingly denies Poulsen's motion for reconsideration on this issue.

## C.    The Release & Settlement Agreement Is Irrelevant To This Case

In addition to the fact that the Court already considered (and disposed of) this exact argument in its ruling on the Hachenbergers' motions to dismiss, Poulsen itself acknowledges – in its response to the Hachenbergers' motions to dismiss, and again in the present motion to reconsider - that the Settlement Agreement involves *different rose varieties* than the ones at issue in this case. (R. 43, Pl.'s Resp. at 10; R. 58, Pl.'s Reply at 6.) Poulsen provides no support for its argument that a forum selection clause in one contract can operate as a forum selection clause in a wholly unrelated, separate contract. This argument fails again.

**D.      Poulsen's Arguments Relating to Glenda Hachenberger Fail**

Poulsen asks the Court to take judicial notice of the Bankruptcy Court's finding regarding Glenda Hachenberger's stock ownership of Defendant Park Seed.  Poulsen asserts that it contradicts a "threshold matter about which Glenda appears to have misled the Court, which casts into doubt the veracity of her entire affidavit." (R. 48, Pl.'s Mot. at 10.)  Glenda explains that she was not aware of the Bankruptcy Court's finding until Poulsen filed the present motion, and that it is erroneous and the Court should thus disregard it.

The Court takes notice of Glenda's previous affidavit submitted in this case, *see* R. 35-2, the affidavit Donald previously filed in this case, *see* R. 40-1, a supplemental declaration Glenda has now filed, *see* R. 53-1, a stock certificate indicating that Donald Hachenberger is the sole shareholder of Park Seed, *see* R. 53-3, and a copy of a motion Glenda filed with the Bankruptcy Court to correct the error, *see* R. 57.  Poulsen's only response to Glenda's thorough disavowal of the Bankruptcy Court's finding is to insist that the overwhelming evidence Glenda presented (including affidavits submitted under penalty of perjury) "merely [ ] acknowledge[s] the existence of a factual dispute" and "changes nothing."  (R. 58, Pl.'s Reply at 7.)  Poulsen's insistence on its argument is incorrect.  "[I]f a defendant's affidavit contesting jurisdiction is not refuted by a counter-affidavit filed by the plaintiff, the facts alleged in the defendant's affidavit are taken as true." *Surfers Publications*, 633 F. Supp. at 730.  The Court rejects Poulsen's argument.  The Court also rejects Poulsen's remaining arguments regarding Glenda Hachenberger, which are unequivocally nothing more than impermissible "rehashing old arguments" in violation of Rule 59(e).  As previously stated, Glenda Hachenberger is barely even mentioned in the documents Poulsen submitted as evidence.  Given on the evidence submitted to the Court, Poulsen's accusations are exaggerated and unsubstantiated.  The Court affirms its prior ruling with respect to Glenda Hachenberger and dismisses the case against her with prejudice.

**III.      Poulsen Has Not Demonstrated A "Minimally Viable" Claim to Support A Veil Piercing or Alter Ego Theory of Personal Jurisdiction Over the Hachenbergers**

Poulsen states in its reply brief to its motion for reconsideration that "Donald and Glenda Hachenberger have unjustly enriched themselves for years through use of Poulsen's intellectual property without payment of royalties."  *See* R. 58, Pl.'s Reply at 8.  This is the first allegation in any of Poulsen's pleadings that the Hachenbergers have been unjustly enriched – a fact worth noting because that is one of the factors that lays at the heart of a court's decision to (or not to) pierce the corporate veil.  Poulsen provides no evidence of any unjust enrichment in the many pleadings, exhibits, and annexes that it has filed with the Court.

Instead, Poulsen attempts to make two separate arguments, both of which fail.  First, Poulsen argues that because the South Carolina Bankruptcy Court has substantively consolidated the Corporate Defendants and made attendant findings as to their failure to adhere to corporate formalities, those findings should be imputed to Donald and Glenda Hachenberger to pierce the corporate veil in this case.  That is a faulty logical leap that the Court will not endorse.  Second, Poulsen argues that because the Corporate Defendants had few shareholders and a small base of ownership control (primarily, if not entirely, comprised of Donald and Glenda Hachenberger), then the Hachenbergers must have known about and been responsible for the Corporate Defendants' actions.  This argument, too, fails.  Poulsen provides no evidence – and indeed, makes no allegations in its Complaint – that either of the Hachenbergers dominated, controlled, or improperly commingled funds and assets with the Corporate Defendants (to name just a few of the "improprieties" that could give rise to a colorable veil piercing claim).  Seventh Circuit law is clear – mere stock ownership is insufficient to establish personal jurisdiction over a shareholder. *See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec et al*, 529 F.3d 371, 381 (7th Cir. 2008) (citing *Plastic Film Corp. of Am., Inc. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1147 (N.D. Ill. 2001) ("[T]he fact that a corporation has only one single shareholder is not proof that the corporation is the 'alter ego' of that shareholder."); *Melko v. Dionisio*, 219 Ill.App.3d 1048, 162 Ill.Dec. 623, 580 N.E.2d 586, 595 (Ill. App.

Ct. 1991) (noting that "the mere allegation that [defendant] was a dominant or sole shareholder is insufficient to enable a court to disregard the separate corporate existence")); *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000). Based on the arguments Poulsen has made, and the evidence it has submitted, Poulsen has failed to make a prima facie case to support personal jurisdiction over Glenda and Donald Hachenberger.

## IV. Poulsen's Request For Limited Discovery

Because the Court has found that Poulsen failed to make even the "minimally viable" showing required for a prima facie case of personal jurisdiction, the Court denies Poulsen's request to conduct discovery on the issue of personal jurisdiction.

## CONCLUSION

For the reasons discussed above, the Court affirms its prior ruling. The Court dismisses the case against Glenda Hachenberger with prejudice, and dismisses the case against Donald Hachenberger without prejudice.